The opinion of the court was delivered by
Tirghman, C. J.
By the act of the 20th of March, 1810, section 11, (5 Sm. L. 161,) the justice is required to issue the execution, directed to “the constable of the ward, district, or township, *338 where the defendant resides, or the next constable most convenient to the defendant.” The next constable most convenient to the defendant, are rather vague expressions. Who is to judge of the next constable most convenient to the defendant, unless that be left to the opinion of the justice? It would be extremely hard to throw the decision of this question on a constable, to whom an execution is directed by a justice of competent jurisdiction, at the peril of being responsible in an action of trespass. It would seem, therefore, that the act of assembly is to be considered as only directory in this respect; and not so positive and peremptory as to render the execution void, though directed to a constable who, in the opinion of the jury, was not the next most convenient to the defendant. There was a case, something like the present, upon the English statute of Hue and Cry. By the statute 13 Ed. 1, a party robbed might, in case the hundred did not apprehend the felon within forty days, recover the amount of his loss from them. By the statute of the 27 Eliz. c. 13, s. 11, the party robbed must within twenty days next before the commencement of his action, be examined upon oath before some justice of the peace, of the county wherein the robbery was committed, inhabiting within the hundred where the robbery was committed, or near the same, whether he knows the robbers or any of them. It was held, that where the affidavit was taken before a justice who lived twenty miles from the place where the robbery was committed, and many justices lived nearer, yet it was sufficient, as the act was only directory in this respect. Peake’s Evid. (by Norris,) 461. Bull. Ni. Pri. 186. I do not say how the law would have been, if the act of assembly had ordered the magistrate to issue his process to the constable residing next or nearest to the defendant. That might have made a difference; because both justice and constable might know who was the next or nearest to the defendant. But the next most convenient constable, is a different thing. Convenience is a matter which requires the exercise of judgment, and there might be many reasons influencing the opinion of the justice on that point, of which the constable could know nothing. For'these reasons I am of opinion that there was error in the charge of the court, for which the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.