The opinion of the court was delivered by
Duncan, J.
This case does not come up in the most lucid order, It takes some pains to relieve it from the obscurity, in which on a first view it appears to be involved; but, when it is understood, it presents a very clear case.
It was an action on an obligation of indemnity, reciting that David Mussleman, by seven certain obligations, bearing even date herewith, together with Peter Roth and John Roth, did stand bound to the heirs of Conrad Roth, deceased, in the sum *105 of three thousand nine hundred and sixty-two dollars, to be paid in seven instalments by the said David Musselman, conditioned that if the said David Musselman should pay the said sum of three thousand nine hundred and twenty-six dollars and sixty-nine cents, on the days and times mentioned in the said obligations, to the said heirs of the said Conrad Roth; and if the said Jacob Miller and Jacob Bauer, (the obligors,) shall from time to time, and at all times, keep harmless and indemnify the said Peter and John, their heirs and assigns, their goods and chattels, lands and tenements, of and from all suits, payments, eosts, and charges, of and in behalf of the said recited obligations, to the heirs, assigns, &c. then the obligation to be void; The plaintiff assigns in the declaration two breaches,—1st, That David Musselman had neglected and refused'to pav the said debt of three thousand nine hundred and sixty-two dollars and sixty-nine cents to the heirs of Conrad Roth, by means whereof the plaintiffs were bound to pay divers sums of money: 2d, That the said obligors have not kept harmless and indemnified the obligees, but, on the contrary, one of the heirs had recovered a judgment before a magistrate, which was founded on and rendered upon one of the said seven obligations; and that two others of the heirs, viz. Conrad Roth (George Seiss, his assignee,) and Daniel Roth, had. each instituted suits in the Court of Common Pleas upon two of the said bonds, each of them for one thousand four hundred and forty-four dollars and forty-nine cents, and both of them were due and unpaid when this actipn was brought, by means whereof action accrued, &c.
Sufficient appears on this record to show, that the seven bonds were the purchase money of a tract of land of Conrad Roth, and sold by his executors, and that a several bond was given to each heir, for his own part, and not general bonds to all the heirs for their instalments. The pleas.were, payment with leave, &e., and conditions performed with leave, &c.,—replication, issue, &e. There is nothing in the objection as to want of issue. In Brown v. Barnet, 2 Binn. 74, the Chief Justice referred to a case decided in this court in December, 1806, (Myer v. Perry,) where the plaintiff assigned breaches in the declaration, the defendants pleaded covenants performed and non damnificatus, and then followed the words, and issue; and this was held a sufficient joining of issue. I can only say for myself, that I would be deaf to an objection of the want of replication, where the parties go on to trial as if issue was joined, on the plea of covenants performed; or where the bond is for performance of conditions, conditions performed, the defendant, on notice, may give that evidence, which he might have pleaded. Bender v. Fromberger, 4 Dall. 439. And so held in the Circuit Court of the United States for this district, in Webster v. Warren, April, 1810. M. S. Rep. Whart. Dig. 141. What I understand by this is, that it puts every thing in issue, in the notice of a defence, which protects the defendant, but it admits the *106 execution of the deed set out, and of conditions expressed: it admits that he did enter into the condition set forth in this assignment of breaches, in the declaration, but pleads performance of them, not of any other condition, but of the very conditions; for it is an invariable rule in pleading, that whatever is alleged by one party, and not denied by the other, is admitted. Douglass v. Blair, 2 Binn. 78. And even a verdict which contradicts a fact admitted in the pleading is disregarded. 3 Cranch, 270.
The breaches assigned in this declaration are, that the bonds by which the plaintiffs were damnified were the bonds respectively given to the heirs of Conrad Both, deceased. The plea admits these were the conditions, but says they have saved the defendant harmless. If the law be so, then all the inquiry as to which these bonds were was idle, because the nature of the conditions was not put in issue. It was admitted by the pleading, and the defendant put himself upon the country on another fact, performance of the conditions.
No doubt, under our practice, on these pleas, the defendants might, have shown imposition and fraud in obtaining these bonds from ignorant and illiterate men; but in the way in which the court put this to the jury, the jury would naturally conclude that whatever might have been the, fact, the plaintiffs could not recover on account of the variance, the bonds not being given to all the heirs of Conrad Both, conjunctively, but to each heir separately, and for his own part; for they expressly say, the condition of the bond would imply, that it was only to indemnify against joint bonds given jointly to all the heirs of Conrad Both, and the law would not permit a substitution of any others, that is, bonds given to each heir for his part; and the court leave the jury in no doubt, for they say, “We think the bond of indemnity drawn in such manner, that the securities are not, bound for the bonds given in evidence.” Now, this was an opinion on the construction of a deed, which was matter for the court, and not for the jury; and the reasons given by the court are, that they vary essentially from the bonds enumerated in the condition. It was an opinion on the penning of the bonds, on the construction of a written instrument, exclusively the province of the court. It is not put to the jury on mistake in drawing the bonds, or imposition practised on the'defendants, but that, in point of law, this instrument did not bind the defendants to indemnity against these bonds; in other words, it was not in the bond. Now, in that, I think there was manifest error. It will be observed, that the bond of indemnity recites that it bears date with these bonds; that absolute bonds were given to secure the purchase money of the land to those to whom it belonged; and that those persons who brought suit on those bonds, and to whom they were given, were the respective heirs of Conrad Both. The miscalculation, in adding up the total sum, would not vary the construction, or show that there were or might be *107 other bonds. It is difficult to conceive how it could be that there were other and different bonds. . The action was one continued act,-—simultaneous,—part of the arrangement. The bond for instalments, then before the scrivener, recites the bonds, but for brevity sake, instead of recapitulating each bond to each heir, designates them generally as the bonds given to the heirs.
Without the agreement of Miller and Bauer to indemnify the plaintiffs, they never would have entered into these obligations. These defendants were the principals in this bond of indemnity: the plaintiffs were the security of Musselman, the defendants their back bail, a term well understood in the country; and, if the construction put on the instrument be the legal one, then it provides for nothing; if these are not the bonds intended, there can be no others. The court seemed to have no doubt of the real intention, but considered it so wretchedly drawn as not to affect the design. They even seem to be of opinion, that as they considered the defendants as sureties, it should be construed differently from the same words binding a man for his own debt; and, although it may be admitted that bonds are not to be construed strictly against sureties, yet securities are as much bound, according to . the true meaning of the obligation, as principals. In 6 Yeates, 340, and 4 Ball. 79, Judge Smith has laid down the true principle of construction to be, that the surety is not liable further than the true intention and meaning of the parties expressed in the instrument, and the legal construction of the words used make him liable; but so far he is liable, and• the legal construction of the words make him answerable. All who bind themselves in a bond are equally obligors; and there- are- many cases, in the construction of bonds, where the letter- of the condition has been departed from, to carry into effect the intention of the parties. 3 Crunch, 235, shows a strong instance of a. construction of this kind. And it is a rule in the construction of all deeds,' that they are to be construed most strictly against those who make them, and most favourably by those for whose benefit they are made, as every contract is. They are to be construed with relation to the subject-matter and design, and to the apparent object of the parties.
In case of sureti.es, the instrument is not to be extended by implication, but construed according to the scope of the terms used. 9 Wheat. . So construing this bond, the court entertain no doubt of the intention of the parties, sufficiently expressed in the condition, and that it does contain an indemnity against the bonds given to the heirs respectively. The counsel for the plaintiffs mistook the ground, in requesting the court to leave the construction of this instrument, as a matter of fact, to the jury. This court has on many occasions decided, that leaving a question of law to the jury, to be decided as a matter of fact is error, as much as it is er *108 ror for the court to take the facts from the jury, and to decide on them as if they were matter of la\v.
It was quite inconsistent to’ say, that the implication of law in the condition was, that each bond should be payable to the heirs of Conrad Roth, and that the law would not permit any thing else in substitution; and to instruct the jury that the bond of indemnity was so wretchedly drawn that the securities were not answerable for thé bonds given in evidence; and then to leave it to the opinion of the jury, to find that they were the very bonds described in the bond of indemnity; and, if they so find, then to give the verdict for the plaintiffs; but, if they did'not so find, then for the defendants. The question was a question of law,—the construction of the bond. The court decided it first as a question of law; (and thus, as I conceive, mistook the legal construction, the manifest intention, sense, and meaning;) and, after that left .it to the jury to decide on their own opinion, as a question of fact, contrary to what they said was the legal construction. This appears to the court to be a plain and palpable error, and the judgment is for this reason reversed, and. a venire facias de nova awarded.
Judgment reversed, and a venire facias de novo awarded.