## SNAPP *v.* THE COMMONWEALTH.

1. The sureties of a constable are only responsible where an execution is delivered to him in his official capacity by the magistrate.
2. To charge the surety, the action should be against the constable as such.

ERROR to the Common Pleas of Union county.

On a sci. fa. on a constable's bond, against Snapp and others, the plaintiff proved a transcript of a judgment on which an execution was issued and placed in the hands of the defendant, Snapp; that he collected the money and had never made a return. The record does not state by whom it was delivered, nor indeed any thing further than appears above.

Defendant offered a transcript of that judgment, on which it appeared that the execution had been delivered to one Crabb, constable; also a transcript of a judgment against Crabb, delivered to the defendant. They also offered to prove these facts by the magistrate. The court, on objection, excluded the testimony.

*Patterson* and *Deford*, for plaintiff in error.—It was to show that at the time of the judgment before the magistrate the sureties were not liable, that we offered the evidence, and as such it was admissible. 17 Serg. & Rawle, 358; 8 Watts, 398.

*Austin* and *Howell*, contrà.

BURNSIDE, J., after stating the case.—The plaintiff below relied on the case of Musser et al. *v.* Strickland, where it was held that a judgment against a constable, for official misconduct, is conclusive against his surety, as to his misconduct, and the extent of damage sustained by the plaintiff; 17 Serg. & Rawle, 378; and in Evans *v.* The Commonwealth, 8 Watts, 398, where it was also held that in an action against the sureties of a constable, upon his official bond, to recover

the amount of a judgment for which the constable became liable, the judgment previously obtained against the constable himself is conclusive evidence of the liability of the sureties. Regarding these cases as the settled law, the parties in this case stand upon very different principles. The cases referred to were upon scire facias issued against the constable, to whom the executions were directed, in pursuance of the 12th section of the Hundred Dollar Act, Purdon, 583, which provides that "on the *delivery of an execution* to any constable, an account shall be stated on the docket of the justice, from which the said constable shall not be discharged but by producing to the justice, on or before the return-day of the execution, the receipt of the plaintiff, or such other return as may be sufficient in law," &c. We must take the offer as true, and if so, the execution of J. W. Austin never was delivered or directed by the magistrate to Snapp, but to Crabb. How he got the possession of the execution does not clearly appear; probably from Crabb; and if so, Snapp was his agent. We presume Snapp got it in some way from Crabb. If so, he was in this case the representative of Crabb, but not his legal representative from any evidence we can discover in the case. If Snapp had levied the execution without a deputation, he would have been a trespasser. The justice could not have issued a scire facias against him, because it was not directed to him to be executed, and so entered on his docket, as the statute requires. So far as we can judge, it was a private matter between Crabb and Snapp. Sureties are only liable according to the strict legal construction of their bond, the true meaning of their obligation: 15 Serg. & Rawle, 107. Then why should the sureties of Snapp be liable for an execution issued to Crabb, and so charged on the magistrate's docket. The certificate of Justice Lindsey, given in evidence, is without date. It does not state how Snapp was got before him, or whether there at all; how he was sued, whether as constable or as a private citizen. It was not a scire facias against him as constable of the borough of Union Town, to answer for misconduct in not returning an execution delivered to him by a magistrate. The whole evidence ought to have been received, and the question submitted to the jury, whether Snapp had been guilty of misconduct as constable of the borough of Union Town, for which his bail was liable. If there is truth in Justice Lindsey's transcript, Snapp got the debt; but whether as the agent of Crabb, or on an execution directed to himself, is not so clear. I think the former probable. Crabb should have moved more rapidly, and not let his friend Snapp clear out with the fruits of the execution.

The judgment is reversed, and a venire de novo awarded.