## Porter Farley, Appellant, *v.* John Newton, Constable.

*Execution—Designation of constable by justice of peace.*

It is for the magistrate to determine who is the proper officer to execute a writ of execution.   An execution once directed by a justice to a designated officer cannot be executed by any other person, except under a deputation by that officer.

*Constable—Unlawful substitution—Responsibility to plaintiff.*

A substitution by one constable of another is not a deputation, and although the substituted constable assumes to execute the writ the performance is an unlawful act and he incurs no liability to the plaintiff by reason of his failure therein.

Argued Jan. 14, 1896.   Appeal, No. 18, Jan. T., 1896, by plaintiff, from judgment of C. P. Luzerne Co., March T., 1893, No. 299, confirming report of referee and dismissing exceptions thereto.   Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, J J.   Affirmed.

It appears that plaintiff sought to recover damages from New‑ ton, a constable, for making an insufficient return of an exe‑ cution placed in his hands to collect. Said execution being for the sum of $43.86, with interest and costs. The case was re‑ ferred to Jos. D. Coons, the referee, who found for defendant.

The facts are fully set out in the opinion of the Superior Court.

*Errors assigned*, were, inter alia, to the referee's rulings on evidence; refusal of plaintiff's points; refusal of judgment for the plaintiff; (7) to the referee's third conclusion of law: " That defendant, Newton, incurred no liability under sec‑ tion 12, act of March 12, 1810, by reason of any steps he may have taken for the purpose of enforcing the execution."

*E. G. Butler, D. J. M. Loop* with him, for appellant.—An evasive return is regarded in law as no return at all: Connelly v. Walker, 43 Pa. 450; Herman on Executions, sec. 238. The law has wisely declared that an officer shall not set up as a defense or excuse for neglect of his duty the irregularity of the execution: Bacon v. Cropsey, 7 N. Y. 195; Atkinson v. Gatcher, 23 Ark. 101; 1 Freeman on Ex'ns, sec. 103; James v. Gurley, 58 N. Y. 163; Walden v. Davison, 15 Wendell, 575. What is an irregular execution is defined in 1 Freeman on Exn's, sec. 75. It does not lie in defendant's mouth to set up against the plaintiff the irregularity of execution: Stewart v. Stocker, 13 S. & R. 199; Lowber & Wilmer's Appeal, 8 W. & S. 387; Sheetz v. Wynkoop, 74 Pa. 198.

*E. F. McGovern*, for appellee.—Where an execution is not directed and delivered by the justice to the constable, who undertakes to serve it, no proceeding under the statute can be had against the latter because the requirements of the act of assembly have not been complied with: Snapp v. Common‑ wealth, 2 Pa. 49.

It has been held in the case of Deatz v. Scranton, 1 Luz. L. Obs. 38, that if the constable to whom the summons is directed to be served adds new names to the summons without author‑ ity from the justice, it vitiates the whole process. When a writ is once issued no alterations can be made; if a mistake is

302  FARLEY, Appellant, *v.* NEWTON.

Arguments—Opinion of the Court.  [1 Super. Ct.

made or the writ is wrong, then it must be returned and an alias issued : Freeman on Executions, page 52.

OPINION BY SMITH, J., February 20, 1896 :

Porter Farley having obtained a judgment against Kern & Miles, before J. N. Davison, an alderman of the city of Wilkes-Barre, the magistrate issued an execution thereon, which he directed and delivered to D. J. Gallagher, a constable. Gallagher gave the writ to John Newton, another constable, first erasing therefrom his own name, and substituting that of Newton, as the officer to whom the writ was directed; and the alderman subsequently substituted the name of Newton for that of Gallagher on his docket. Newton, after an unsuccessful attempt to execute the writ, made return thereof to the alderman. Farley, alleging that the return was insufficient, brought an action to recover from Newton the amount due on the execution.

The plaintiff's action is founded on the act of March 20, 1810, section 12, 5 Sm. L. 167, which provides that " On the delivery of an execution to any constable, an account shall be stated in the docket of the justice, and also on the back of the execution, of the debt, interest and costs, from which the said constable shall not be discharged but by producing to the justice, on or before the return day of the execution, the receipt of the plaintiff, or such other return as may be sufficient in law." The question before us is whether, under this provision, the action can be maintained.

Back of the question of the sufficiency of the constable's return lies another, which must first be determined. Was Newton, as constable, authorized and required by law to execute this writ? If, as his counsel contend, he was not, it is clear that he is not in default, and that, however insufficient his return, the plaintiff has no cause of action against him under the section of the act of assembly quoted.

Section 11, of the act of March 20, 1810, 5 Sm. Laws, 167, provides that the execution issued by a justice " shall be directed to the constable of the ward, district or township where the defendant resides, or the next constable most convenient to the defendant." It is for the magistrate to determine who is the proper constable : Smith v. Schell et al., 13 S. & R. 336. In the present case the alderman decided that the proper offi-

cer was Gallagher. He accordingly issued an execution directed " To constable D. J. Gallagher," and delivered the writ to him, at the same time entering the proceeding on his docket.

An execution directed by a justice to a designated officer cannot be executed by any other person, except under a deputation by that officer: Snapp v. Com., 2 Pa. 49. If the writ be directed to the constable of a designated township, it cannot be executed by the constable of another township : Gordon v. Camp, 3 Pa. 349. If it be directed " To ———— ————, constable," without naming the officer or designating the district, it may be executed by the constable of the proper district: Paul v. Vankirk et al., 6 Binney, 123.

It is clear, therefore, that in the present case no one but Gallagher or his deputy could derive any authority from the writ as issued by the alderman, or be placed under any legal obligation to execute or return it. Nor did its alteration by Gallagher confer any authority or impose any duty on Newton. With the name of Newton substituted for that of Gallagher, it was no longer the writ issued by the alderman. Neither did it thereby become a writ directed by the aldermen to Newton; nor was the substitution a deputation of Newton by Gallagher. In the hands of Newton, the writ, as he received it, was a nullity.

The substitution, on the alderman's docket, of Newton's name for that of Gallagher, neither gave effect to the writ nor imposed any responsibility on Newton. The account stated on the docket and on the execution was with Gallagher, the constable to whom it, the writ, was directed and delivered— and it was Gallagher, " the said constable," who was required by the statute to produce the plaintiff's receipt, or other sufficient return.

This account cannot be enforced against Newton, who was a stranger to it : Snapp v. Com., supra. As to the proposition that Newton assumed the responsibility of executing the writ, it need only be said that in undertaking the performance of an unlawful act, he incurred no liability to the plaintiff by reason of his failure therein.

This view of the case makes it unnecessary to consider the sufficiency of the return.

The assignments of error are overruled, and the judgment is affirmed.