# Foy v. Schiele.

*Justice of the peace—Summons—Process—Constables—Jurisdiction—Act of March 20, 1810, 5 Sm. Laws, 161.*

1. Process directed to a constable of one township cannot be lawfully executed by a constable of another township.

2. If it is so executed and the defendant does not appear, the defective service is not cured and the justice has no jurisdiction over the person of the defendant.

3. A judgment against a defendant under such circumstances is void and will be set aside on *certiorari.*

*Certiorari.* C. P. Montgomery Co., June T., 1925, No. 251.

*Warren H. Cogswell,* for defendant.

WILLIAMS, J., Feb. 5, 1926.—From the certain plea, with all things touching the same, certified and sent, together with the writ of *certiorari,* before us by Howard F. Boorse, Esq., one of our justices of the peace, it appears that, on the 31st day of last July, Furman T. Foy, the plaintiff below and defendant in error—who, on the 23rd day of April of the preceding year, under the name of Foy's Jewelry and Gift Shop, had been carrying on a business at York Road and West Avenue, in the Borough of Jenkintown, this county—swore

### Foy v. Schiele.

and subscribed before the said justice to an affidavit saying that "Sophie Schiele, Fitzwater Town Road, Willow Grove," was indebted to the plaintiff below in the sum of five ($5.00) dollars, together with interest thereon from the said 23rd day of April, 1923, for an umbrella on that day sold and delivered by the plaintiff below to the there defendant.

It is a matter of judicial knowledge that the said Howard F. Boorse is one of the justices of the peace in and for the Borough of Lansdale, which is bounded on one side by the Township of Montgomery, out of a portion of which township, originally, the borough, in part, was formed. It is a matter of judicial knowledge, also, that the village of Willow Grove is situate—many miles away from Lansdale and Montgomery Township—in the Township of Upper Moreland and that the nearby Fitzwatertown Road lies partly in the Township of Horsham and partly in the Township of Abington: 1 Law of Evidence, Wharton, Book II, Mode of Receiving Proof, Chapter V, Judicial Notice, IV, Notoriety, Section 339, Leading Domestic Geographical Features, 300; Pearce v. Langfit, 101 Pa. 507, 512 (1882), Green, J.; The Indianapolis and Cincinnati R. R. Co. v. Case, 15 Ind. 42 (1860); The Indianapolis and Cincinnati R. R. Co. v. Moore, 16 Ind. 43, 44 (1861), Worden, J.; The Indianapolis and Cincinnati R. R. Co. v. Stephens, 28 Ind. 429, 430-1 (1867), Gregory, J.; The Terre Haute and Indianapolis R. R. Co. v. Pierce, 95 Ind. 496, 502-3 (1884), Hammond, J.; The People, use, etc., v. Suppiger et al., 103 Ill. 434, 435 (1882), Scott, C. J.; Ferguson v. State, 31 N. J. L. 289, 291 (1865), Haines, J.; and Fire Insurance Co. v. Keller, 9 Dist. R. 61, 64 (1899), Endlich, J. (23rd district).

The Hundred Dollar Act (March 20, 1810, recorded in Law Book Number XII, page 199), 5 Sm. Laws, 161-75, Section 2, 162, provided that the justices of the peace of the several counties of this Commonwealth were thereby respectively empowered and required, upon complaint being made to them touching any cause of action arising from contract, either express or implied in all cases—except of real contract, where the title to land or tenement might come in question, or action upon promise of marriage—where the sum demanded should be not above one hundred dollars, to issue a summons "directed to the constable of the township, ward, or district, where the defendant usually resides, or can be found, or to the next constable most convenient to the defendant" and commanding the constable to cause the defendant to appear before the said justice on a certain day, therein to be expressed, not more than eight, nor less than five, days after the date of the summons.

The transcript of Justice Boorse states that, on the 3rd day of August, a "Summons Issued to John Manherz, Constable, of Montgomery Township." An examination of the summons itself, which is attached to the transcript, reveals, however, that the writ was not issued to Manherz, either individually or officially, but, on the contrary, was directed "To the Constable of the East Ward of the Borough of Lansdale, Pa., or to the next constable of said county most convenient to the defendant." As Manherz was not the constable of the East, or any other ward, of the Borough of Lansdale, the eighth exception presents for answer the question, Was Manherz the next constable of the county most convenient to the defendant?

The reason underlying the quoted provision of Section 2, supra, is not far to find. The stipulation was designed to avoid the accumulation of costs not necessary. While a plaintiff may bring action before any justice of the peace of the county wherein a defendant lives—no matter how distant the office of the justice from the residence of the party sued—in order that the defendant may not be burdened with the payment of needless costs, process must be

Foy v. Schiele.

served by the constable of the residence township of the defendant. Although it may be the universal practice, not confined to one justice, or one county, but pervading the entire state, for justices to. issue warrants to other than constables residing in the same township with the defendant, Clark v. Worley, 7 S. & R. 349, 353 (1821), Duncan, J., such usage cannot override the clear directions of an act of the legislature: Earle, Receiver, v. Howarth, 8 Dist. R. 610 (1899), Clayton, P. J. (32nd district).

In the present case, as hitherto noted, the summons was the subject of an alternative direction, either to the constable of the East Ward of the Borough of Lansdale or to the next constable of the said county most convenient to the defendant, that is, in the first instance, to the constable of the East Ward, provided he should be in fact the next most convenient constable to the defendant and, if not, then, in the second place, to whatever constable in point of place actually should be most convenient to the defendant. In this general direction of the justice there was no such positive selection by him of any specific constable to make the service as would warrant the fair drawing of the inference that the justice, for any undisclosed reason, had determined in advance that any particular constable was most convenient to the residence of the defendant. To the contrary, what the justice really did, in the case at bar, was to entrust the service of the summons to any constable who, at the time of service, should be, in point of fact, "next most convenient" to the defendant, thereby making the validity of process dependent upon service of the writ by such constable, no matter who he might be. As has been seen, the record shows that the defendant lived in the township of either Horsham or Abington. . . . In the absence of anything to the contrary, the constable of whichever one of those townships contained the residence of the defendant was the constable most convenient to the defendant. To such constable, therefore, the writ or summons, if to be executed in Horsham or Abington, was directed. But it appears from the proceedings that process was not served by such constable. Instead, the writ was served by the constable of the Township of Montgomery. In other words, process directed to the constable of Horsham, or of Abington, was executed by the constable of Montgomery: Fire Insurance Co. v. Keller, supra.

Process directed to a constable of one township, however, cannot be lawfully executed by the constable of another township, because, there being, at common law, no such thing as the civil jurisdiction of a constable, he, perforce, derives all his civil jurisdiction from statute and there is no legislative enactment permitting the service of a writ directed to township A's constable by township B's constable, who, if he attempt the illegal service, makes himself a trespasser, and, although the Supreme Court, in construing Section 2, supra, has wisely allowed the justice a liberal discretion in the direction of his process and, to that end, has held properly directed by the justice a warrant to ————, constable, if executed by the constable of the proper township, for the reason given that the word constable with a blank cannot be said to have been directed to the wrong constable and may, therefore, be understood as having been directed to the right one, Paul v. Vankirk and Depu, 6 Binney, 123 (1813), Tilghman, C. J.—the Chief Justice being particular to state, however, page 124, that it would have been better if the justice had directed the warrant to the constable by name, or to the constable of the township generally and that the process was being supported only because it was admitted that the writ had been served by the correct constable—yet, no case has been decided that a summons directed to the constable of a particular township can be handed over by him to another township's constable to whom

it was not directed and that the latter legally can execute the process: Gordon *v.* Camp, 3 Pa. 349, 350 (1846), Burnside, J.; Fire Insurance Co. *v.* Keller, *supra.*

There having been, in the instant case, no appearance on the part of the defendant to cure the foregoing defect in service, jurisdiction over the person of the defendant was never obtained by the justice, whose judgment, therefore, must fall: Earle, Receiver, *v.* Howarth, *supra;* Fire Insurance Co. *v.* Keller, *supra;* Butz *v.* The Phœnix Iron Co., 11 Dist. R. 680 (1902), Butler, J. (15th district); Yost *v.* Yost, No. 1, 17 D. R. 633, 34 Pa. C. C. Reps. 558 (1907), Hassler, J. (Lancaster County; Leaman et al. *v.* Lancaster County Mut. Ins. Co., 18 D. R. 384, 25 Lanc. Law Rev. 308 (1908), Hassler, J.; Orr *v.* Baltzell, 25 Montg. Co. Law Repr. 33 (1908), Weand, J.; Boyd *v.* Thomas Wagon Co., 26 Lanc. Law Rev. 254 (1909), Hassler, J.; and Morrison *v.* Lefever, 40 Pa. C. C. Reps. 210 (1910), Hassler, J. (Lancaster County).

And now, this 5th day of February, 1926, upon due and full consideration of the exceptions to the proceedings had in the above case in the court of Howard F. Boorse, justice of the peace, after listening to the oral argument made by counsel for Sophie P. Schiele, the defendant below and plaintiff in error, and reading the brief submitted by counsel for the defendant below and plaintiff in error—no appearance having been entered for, or argument presented or brief submitted on behalf of, Furman T. Foy, the plaintiff below and defendant in error—and following long reflection and mature deliberation, the eighth exception to the judgment of the said justice be and is hereby and herein sustained, the said judgment be and is hereby and herein set aside and all of the said proceedings subsequent to the issuance by said justice of the summons in debt be and are hereby and herein declared void and of no validity. From Aaron S. Swartz, Jr., Norristown, Pa.