May Term,
1861.

INDIANAPOLIS &c. RAILROAD Co.
v.
MOORE.

---

## THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.* MOORE.

Suit for the value of animals killed by the cars of the railroad company. The evidence showed that the animals were killed between two named geographical points, and upon some railroad, by the rolling stock thereof, but did not show, in terms, that they were killed in *Shelby* county, nor by the railroad company defendant.

*Held*, that as the Court below knew judicially the boundaries of the county, it will be presumed that the first point was correctly determined.

*Held*, also, that as the evidence tends to support the finding in relation to the killing by the cars of defendant, the judgment will not be reversed.

APPEAL from the *Shelby* Common Pleas.

WORDEN, J. — Suit by *Moore* against the company to recover damages for killing animals on the road, the same

Monday,
May 27.

not being fenced. Demurrer to the complaint overruled, and exception taken. Issue, trial, finding and judgment for the plaintiff; a new trial being denied.

The objection to the complaint is that "it does not aver that the defendant had a railroad running through *Shelby* county, nor that the stock was killed by being run upon, or over, by any locomotive, car, or train of cars." The complaint charges that "the defendants, while running their locomotive and cars on, over, and along their said railroad, on, &c., in the county and State aforesaid, the said road not being then and there fenced, ran upon and over, and thereby killed and destroyed "certain animals belonging to the plaintiff, to wit," &c. We think the objections to the complaint were not well taken. The implication is clear that the defendant had a railroad running through, or at least in, the county, and that the animals mentioned were killed and destroyed by being run upon and over by the "locomotive and train of cars" mentioned.

Two objections are made to the sufficiency of the evidence. The first is that it does not appear that the animals were killed in the county of *Shelby*, where the suit was commenced. The testimony shows the animals to have been killed between *Shelbyville* and *London*, one and a quarter miles from *London;* or rather, in the language of the witness, as shown by the bill of exceptions, testifying at *Shelbyville:* "it was one and a quarter miles this side of *London.*" The Court trying the cause knew judicially the boundaries of the county, and no doubt determined correctly that the point designated was within the county of *Shelby*.

The other objection is that the evidence does not show that the injury was done by the cars of the defendant; that the evidence would apply with equal force to every other railroad in the country. The evidence shows clearly enough that the animals were killed upon some railroad, by the cars or rolling machinery, but the witnesses do not name the particular road, or say it was the road of the defendant. We can not reverse the judgment on this alleged defect in the evidence, as it tends, to say the least of it, to support the finding.

*Per Curiam.*—The judgment is affirmed, with costs, and 5 per cent. damages.

May Term, 1861.

*J. S. Scobey,* for the appellant.

*J. B. McFadden,* for the appellee.