The Cleveland, Columbus, Cincinnati and Indianapolis R. W. Co. v. Bates.

*Stevens* v. *Hurt*, 17 Ind. 141; *Evans* v. *Feeny*, 81 Ind. 532. In this respect there was no failure of necessary evidence. There is no available error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.

Filed June 8, 1883. Petition for a rehearing overruled Nov. 7, 1883.

———————————

No. 10,593.

THE CLEVELAND, COLUMBUS, CINCINNATI AND INDIANA-POLIS RAILWAY COMPANY *v.* BATES.

INSTRUCTIONS.—An instruction, so indefinite upon some point that it might mislead, is not error if another given is definite and correct upon the same point.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett*, for appellant.

*C. L. Henry* and *H. C. Ryan*, for appellee.

HAMMOND, J.—Complaint by the appellee against the appellant to recover damages for the killing of two heifers and a steer of the appellee by the locomotive and cars of the appellant on its railroad, in Madison county, at a point where the railroad was not securely fenced. Issues were made; trial by jury; verdict for appellee; and judgment on the verdict over the appellant's motion for a new trial.

A number of errors are assigned, but we will consider such only as the appellant's counsel have discussed in their brief.

It is claimed that the verdict is not sustained by sufficient evidence. We have carefully examined the evidence and think that it fairly sustains the verdict. It is urged that it fails to show that the injury occurred in Madison county. The

evidence upon this point was not direct, nor was it required to be. From the circumstances proved, the jury might well infer that the injury happened in that county. This was sufficient. *Indianapolis, etc., R. R. Co.* v. *Moore*, 16 Ind. 43; *Indianapolis, etc., R. R. Co.* v. *Stephens*, 28 Ind. 429; *Louisville, etc., R. W. Co.* v. *Kious*, 82 Ind. 357.

Complaint is made of the second instruction which the court gave the jury. It was as follows:

"2. If you find from the evidence that the plaintiff's cattle were killed by the locomotive, cars and other carriages used on the defendant's railroad, in, or running into, or through Madison county, Indiana, and that such railroad was not securely fenced in, and such fence was not properly maintained by the defendant where, at the point, the cattle entered upon said road, then you should find for the plaintiff and assess his damages at the value of the cattle so killed."

Of this charge counsel for appellant say: "It virtually tells the jury that if the defendant (appellant) owned a railway in, or running into or through, Madison county, Indiana, and that said railroad was not securely fenced in, and said fence maintained at the point where the cattle entered upon said track, that appellee should recover without regard to the point where the accident occurred, whether in Madison county or not."

We do not think that the jury could have understood from the instruction, that the appellee could recover if the injury did not occur in Madison county. The instruction, it is true, did not clearly inform the jury that appellee could not recover unless the damage was occasioned in that county. But the court was more specific in its first charge, explaining to the jury the material averments of the complaint, among which was that relating to the venue, and informing them that the burden of proof was upon the appellee as to such material allegations of his complaint. Taking the charges together, there is scarcely room to suppose that the

jury could have misapprehended the point under consideration. Besides, the evidence showed quite clearly that the injury occurred in Madison county, and there was no evidence tending to prove the contrary.

The record discloses no error. Judgment affirmed at appellant's costs.

