BELL v. FLUDD.

1. A question of jurisdiction may be raised first in this court, and must be here decided; and it may be raised by the plaintiff appellant to his own action, for if the court below had no jurisdiction of the action, no valid judgment can be rendered.
2. The Court of Common Pleas of a county has not jurisdiction to try an action for accounting, where none of the defendants reside in that county. It has jurisdiction only to order a transfer of the cause to the proper county for trial.
3. An action to declare purchases made by defendant at sheriff's sale to be fraudulent and to require her to account for the real value thereof—her subsequent vendees not being parties to the cause—is a personal action against defendant, and does not affect real property—espe-

cially so after decree adjudging the sales *bona fide*, to which finding of fact no exception was taken.

Before KERSHAW, J., Sumter, May, 1887.

The opinion sufficiently states the case upon the points decided here.

*Messrs. Moises & Lee*, for appellants.

*Messrs. Blanding & Blanding* and *J. H. Earle*, attorney general, contra.

March 28, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. The plaintiff, Mrs. Bell, as a judgment creditor of the late John B. Moore, brings this action for the following purposes, as stated by the Circuit Judge: 1st. To have an account of the administration of the estate of said John B. Moore by the defendant, Augustus Fludd, as his executor. 2nd. To have an account from the defendant, Mrs. Anne Peyre Manning, who was the widow of said John B. Moore, of all property and money which came to her under the will of her said former husband. 3rd. To set aside as fraudulent a judgment obtained by the defendant, Matthew S. Moore, as trustee, against John B. Moore in his life-time, and all sales of property made thereunder, "so far as the plaintiffs are affected thereby," and to require the defendants to account for the property sold under said judgment.

Upon the testimony adduced at the hearing, the Circuit Judge held that "the said judgment was in all respects *bona fide*, valid, and binding," and that the sales made thereunder "were free from fraud, fair and open." He also held that, inasmuch as the balance due on the said judgment and other judgments senior to that in favor of the plaintiff, "would absorb all that could be charged against the executor in any possible view of the testimony," the plaintiffs could not possibly be benefited by any further accounting by the executor, and he therefore refused to order such further accounting and rendered judgment dismissing the complaint with costs. From this judgment plaintiffs appeal, alleging error

in three respects : 1st. In not ordering an account by the defendants of the estate of John B. Moore, deceased. 2nd. In dismissing the complaint. 3rd. In ordering the plaintiffs to pay the costs of the action.

In the argument here, a question of jurisdiction has for the first time been raised, which must first be disposed of, for if the court below had no jurisdiction of the case, then it is manifest that no question as to the merits is properly before us, and hence it would be not only premature, but improper, for us to consider or determine any such question. The objection to the jurisdiction is based upon the ground that the action was commenced and was tried in the Court of Common Pleas for the County of Sumter, when none of the defendants resided in that county at the ·time of the commencement of the action. The record shows that the action was commenced and the case was tried in the County of Sumter, and it also shows that, at the time the action was commenced, the defendants, Augustus Fludd and Mrs. Manning, resided in Orangeburg County, and the other defendant, Matthew S. Moore, resided in the State of New York. These being · the facts, there can be no doubt that the Court of Common Pleas for the County of Sumter had no jurisdiction. Section 146 of the Code is imperative upon this point, and has been so construed in the recent case of *Ware* v. *Henderson,* 25 *S. C.,* 385.

It is true that the question of jurisdiction was not raised in the Circuit Court, and therefore the Circuit Judge made no ruling upon the subject. But it is well settled that a question of jurisdiction may be first raised in this court. See the case just cited and *State* v. *Penny,* 19 *S. C.,* 218. It is also true that the question is raised by the plaintiffs to their own action, and not by the defendants ; but we do not see that that makes any difference. If the court has no jurisdiction, it is quite clear that no valid judgment can be rendered.

It is argued, however, that the court had jurisdiction of the action, in so far as it sought to set aside the sale of the real estate, some or all of which was situate in the County of Sumter, under the provisions of section 144 of the Code ; but it is very manifest that the real object of the action was, not for the determination of any right or interest in any real estate, but to require Mrs.

Manning to account for the value of the real estate bought by her at sheriff's sale under the judgment in favor of her trustee, and which, as it was alleged, she had resold to third persons at a large profit. It was plainly an action, so far as this branch of it was concerned, purely personal, and could not in any view be regarded as an action for the determination of any interest in real estate. The proper parties for this purpose, the purchasers from Mrs. Manning, were not before the court, and were not made parties because it was conceded that they were purchasers for valuable consideration without any notice of any equity in favor of the plaintiff. It must be regarded, therefore, as simply an action to require Mrs. Manning to account for the real value of the property which she had bought at sheriff's sale, and not as an action in any way affecting real estate. But in addition to this, there is no appeal from that part of the decree of Judge Kershaw which determined that the judgment was *bona fide* and the sales made under it fair and open and free from any fraud, for the appeal only questions the correctness of the judgment refusing an accounting.

But while the court below did not have jurisdiction to try the case, yet it would have jurisdiction to make the proper orders to change the place of trial (*Steele* v. *Exum,* 22 *S. C.,* 276); and for this purpose the case must be remanded to the Circuit Court, so that the plaintiffs may, if they desire to do so after the investigation already had, obtain the necessary order to change the place of trial.

The judgment of this court is, that the judgment appealed from be set aside, solely on the ground of want of jurisdiction in the court which rendered it, without prejudice as to the merits, and that the case be remanded to the Court of Common Pleas for the County of Sumter, so that the parties may, if so advised, take the proper orders to change the place of trial. But if such orders be not taken at the first term of said court, after written notice of the filing of the *remittitur,* then the judgment of this court is, that the complaint be dismissed for want of jurisdiction.