### BURCKHALTER v. JONES.

1. JURISDICTION.—A MAGISTRATE may give judgment *in rem* against non-resident defendant after attachment of property within jurisdiction, but cannot obtain jurisdiction of the person of a non-resident by publication of summons.

2. IBID.—IBID.—The omission of magistrate to sign his name to original summons is mere clerical error, where his name is written in other parts of it.

Before ALDRICH, J., Aiken, November, 1898.    Reversed.

Action by T. DeL. Burckhalter against J. B. Jones. From Circuit order setting aside judgment by default under writ of certiorari, plaintiff appeals.

*Messrs. G. W. Croft & Son,* for appellant, cite: *Magistrate has jurisdiction to issue attachment against property of non-resident:* Code, 71, 248; 95 U. S., 714. *Defendant appeared personally by writing letter to magistrate asking for continuance:* 13 S. C., 198.

*Messrs. Hendersons,* contra, cite: *Magistrate cannot get jurisdiction of non-resident defendant:* Con. 1895, art. V., sec. 23; art. I., sec. 29; 1 N. & McC., 229; 1 McC., 512. *Magistrate should have signed summons:* Code, 71, sub. 2; Gen. Stat., 2560; 51 S. C., 347. *Attachment cannot give jurisdiction:* 33 S. C., 353; 44 S. C., 178.

June 28, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. This action was commenced before a magistrate in Aiken County on the 16th of August, 1898. The defendant is not a resident of this State, but resides in Augusta, Ga. The magistrate granted an order that service of the summons and complaint be made upon the defendant by publication. The following statement of facts appears in the record: "Thereupon the plaintiff filed with the magistrate an affidavit to obtain an attachment; said affi-

davit was in due form, and according to law.    Upon said affidavit, the magistrate, on August the 17th, 1898, issued a warrant of attachment in favor of the plaintiff against the defendant; the sheriff, acting under said warrant of attachment, levied upon the personal property of the defendant found in this State and county, and on the 24th day of August, 1898, he served copies of the summons and complaint in the city of Augusta, Georgia, that being the place of his residence.    It is admitted that the copy of the summons served on the defendant has the name of the magistrate signed to it by the attorney for the plaintiff, but that neither upon the original nor upon the copy summons does the handwriting of the magistrate appear, but that both are entirely in the handwriting of the plaintiff's attorney.    The defendant made default; the plaintiff appeared before the magistrate in person and proved his case, whereupon Magistrate Weeks entered the following judgment by default: Case called, defendant not appearing and plaintiff proving his case, judgment given against him in favor of the plaintiff for $10.61, and $6.60 costs.    This 23d day of September, 1898. L. R. Weeks, M. A. C.

"At this stage the defendant filed his petition for certiorari as follows * * * The petition of John B. Jones respectfully showeth: That as set forth in the annexed affidavit of the petitioner, and of E. P. Henderson, the judgment was rendered against your petitioner, on the 24th day of August, 1898, at the suit of T. DeL. Burckhalter, in the court of L. R. Weeks, Esq., magistrate for Aiken County, by default. The petitioner did not know of the rendering of said judgment until after the expiration of the five days allowed him by law to appeal from such judgment, or to ask a new trial in said action before said magistrate; that the summons upon which said action is based was not legally issued, and that said magistrate did not have jurisdiction of the person of petitioner as such defendant on the day the said judgment was rendered; that said judgment is void in law, and defendant's and petitioner's only remedy in the premises is to

be had by a writ of certiorari, so that when all the proceedings of the said magistrate's court upon which said judgment is based is certified to, your Honor may act thereon as of right and according to law ought to be done."

The Circuit Judge granted the petition, and upon hearing the return set aside the judgment, without assigning the grounds for so doing.

The plaintiff appealed upon exceptions, the first of which is as follows: "1. That it is submitted that the magistrate had jurisdiction to issue an attachment against the property of a non-resident defendant, and that his Honor, the Circuit Judge, erred in not so deciding." Sections 10 and 11, art. XVII., of the Constitution, contain the following provis-' ions: "Section 10. All laws now in force in this State and not repugnant to this Constitution shall remain and be enforced until altered or repealed by the General Assembly, or shall expire by their own limitations. Section 11. That no inconvenience may arise from the change in the Constitution of this State, and in order to carry this Constitution into complete operation, it is hereby declared: *First.* That all laws in force in this State at the time of the adoption of this Constitution, not inconsistent therewith, and constitutional when enacted, shall remain in full force until altered or repealed by the General Assembly or expire by their own limitation * * *. *Second.* All writs, actions, causes of actions, proceedings, prosecutions, and rights of individuals, of bodies corporate and of the State, when not inconsistent with this Constitution, shall continue as valid * * *."

At the time the Constitution of 1895 was adopted, trial justices (now magistrates) did not have jurisdiction in a civil action cognizable by them, except in cases brought in the county where the defendant resided. Section 23, art. V., of the Constitution, providing that "every civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides," did not change the law then of force, but only made it permanent by

incorporating it in the organic law of the land. While a judgment *in personam* could not, prior to the Constitution of 1895, be rendered against the defendant, unless the action was brought in the county where he resided, nevertheless, his property, when he was a non-resident, was subject to attachment. *Bird* v. *Sullivan, ante.* The provisions of law as to judgment *in personam* and *in rem* were not inconsistent. Therefore, the right to attach property of a non-resident was not changed by the new Constitution, and the magistrate had jurisdiction of the case.

The second exception is as follows : "II. It is respectfully submitted that the omission of the magistrate to sign his name to the original summons was only an irregularity which could have been cured by an amendment of the judgment, and his Honor, the Circuit Judge, erred in holding that he had no 'power to do so.' " The omission to sign the summons was a mere clerical error apparent upon the face thereof; the order of publication was signed by the magistrate. The words, "Magistrate's summons for debt" and "By L. R. Weeks, Esq., to J. B. Jones," appear upon the face of the summons. A copy of the summons was served upon the defendant personally. Under these circumstances, the defect was not jurisdictional.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.