### JENKINS v. SOUTHERN RAILWAY.

1. ON APPEAL from judgment of Circuit Court on appeal from magistrate court, this Court will not consider alleged errors of Circuit Court in findings of fact or technical errors or defects which do not affect the merits.

2. JURISDICTION—WAIVER.—If a corporation answer a complaint and contest the case on the merits, it waives the right to insist that the court did not have jurisdiction of it.

Before TOWNSEND, J., Cherokee, July, 1905.    Affirmed.

Action by John M. Jenkins against Southern Railway. From judgment for plaintiff, defendant appeals on the following exceptions:

"1. In not sustaining the first ground of appeal from the magistrate's court, for the reason therein stated, as follows: The magistrate erred in refusing to set aside the judgment, the error being, that the cause of action, if any, arose in Greenville County, the point of destination of shipment, and where plaintiff is required by law to file his claim for loss or damage, that, therefore, the magistrate was without jurisdiction to try the case in Cherokee County.

"2. In not sustaining the second ground of appeal, as follows: The magistrate erred in admitting the record of a judgment in plaintiff's favor against the defendant, in a former suit, the error being that such judgment was not pleaded, that the evidence was incompetent and irrelevant.

"3. In not sustaining the third ground of appeal as follows: The magistrate erred in not dismissing the action, the reason being that at the time this action was brought, plaintiff had not recovered a judgment against the defendant for the full amount of his claim for loss, which is necessary under the law, that such judgment was recovered only a short while before the trial of this case; and in overruling defendant's objection that the court could not take notice of such former judgment unless brought before the Court by a supplementary pleading.

· "4. In not sustaining the fourth ground of appeal, as follows: The magistrate erred in not holding that plaintiff was bound by the original claim for $104 filed with the agent at Greers, and that there had been no recovery for the full amount of plaintiff's claim, and in not giving judgment for the defendant.

"5. In not sustaining the fifth ground of appeal, as follows: The magistrate erred in sustaining plaintiff's objection to the testimony offered by defendant from a witness, R. L. Spencer, to show the value of the goods lost, on the ground that that issue has already been adjudicated, the error being that the judgment in the former case was not pleaded as required by law; and that testimony tending to show the value of the goods was competent.

"6. In not sustaining the sixth ground of appeal, as follows: The magistrate erred in sustaining objection to the testimony of C. T. Clary, a witness for defendant, the error being that such testimony was relevant and competent, to prove the contract between plaintiff and defendant; to explain any defects in the printed or stamped stipulation as to value; to show a consideration for value limitation; to show both by parol and stamp itself what the stipulation in red ink was intended to be, or really is; to show how the defect occurred; to show that plaintiff had full opportunity to find out what the stipulation and the terms of the contract were.

"7. In not sustaining the seventh ground of appeal, as follows: The magistrate erred in refusing to admit as evidence the slip of paper with the stamped impression made by the stamp with which the value clause was stamped on the bill of lading, the error being that the same was competent to explain said stipulation.

"8. In not sustaining the eighth ground of appeal, as follows: The magistrate erred in not holding that the bill of lading with the red ink clause was the contract between the parties, and that under the bill of lading defendant's liability did not exceed five dollars ($5.00) per hundred pounds in case of loss or damage, and in not rendering his judgment.

for the defendant. In not finding for the defendant upon the whole case.

"9. His Honor further erred in his finding of fact that at least a portion of the cause of action did arise in Cherokee County, and that this action could be brought in the county where the main action was brought. The error being that there is no testimony to show that any part of the cause of action arose in Cherokee County."

*Mr. W. S. Hall, Jr.,* for appellant, cites: *As to jurisdiction:* Code of Proc., 145; 24 Stat., 81.

*Messrs. Butler & Osborne,* contra, cite: *As to jurisdiction: Best* v. *Ry.,* 72 S. C. *Judgment admissible without pleading in magistrate court:* Code 1902, sec. 88, sub. secs. 5, 10.

February 23, 1906. The opinion of the Court was delivered by

MR. JUSTICE GARY. The record contains the following statement of facts: "This action was begun in the magistrate's court in Cherokee County, April 15th, 1905, by the plaintiff to recover the statutory penalty under acts 1903, pages 81 and 82. On December 29th, 1904, plaintiff delivered to the defendant, at Gaffney, S. C., for transportation to Greers, S. C., a lot of household goods. A box of these goods was never delivered to the plaintiff, but was lost or destroyed. After a part of the goods arrived at Greers, the plaintiff made some effort to get them. On March 4, 1905, plaintiff filed with agent at Greers, in Greenville County, a claim in writing for $100, which is shown by the case in the damage suit as well as by the record in this case. He also brought this suit on the same day that his action for damages was commenced.

"The damage suit was tried on May 6th, 1905, resulting in a verdict of $100 for plaintiff, upon which judgment was entered May 10th, 1905. This case was subsequently tried on May 10th, 1905, by the magistrate without a jury. He gave plaintiff judgment for the sum of $50, May 11, 1905.

"Defendant then moved to set aside the judgment on the ground that the magistrate was without jurisdiction, the cause of action, if any, having arisen wholly in Greenville County, S. C. The magistrate overruled the motion. Defendant then appealed to the Circuit Court. The judgment of the Circuit Court affirmed the judgment of the magistrate's court, and all of defendant's exceptions were overruled. From judgment of the Circuit Court defendant gave due notice of appeal."

The defendant interposed a general denial, and contested the case upon the merits.

In dismissing the appeal from the judgment rendered by the magistrate, the Circuit Judge said: "The cause comes before me upon appeal by defendant from the judgment of the magistrate in favor of the plaintiff for the full amount, and from the order of said magistrate, overruling defendant's motion to set aside said judgment on the ground that no part of the cause of action arose in this county. I agree with the magistrate in his findings and also in his action in overruling said motion, and his judgment and said order are hereby sustained and affirmed. I find as fact, also, that at least a portion of the cause of action did arise in this county, and that his action could be brought in the county where the main action was brought."

The defendant's exceptions will be set out in the report of the case.

Section 88 of the Code provides that certain rules shall be observed in the courts of magistrates, one of which is that "pleadings are not required to be in any particular form, but must be such as to enable a person of common understanding to know what is intended."

Section 368 of the Code, relative to appeals to the Circuit Court from inferior courts, contains the provision, "upon hearing the appeal, the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. In

giving the judgment, the Court may affirm or reverse the judgment of the Court below, in whole or in part, and as to any or all of the parties, and for errors of law or fact."

If the Circuit Court, upon hearing the appeal from the magistrate, overrules or sustains the exceptions, his action cannot be assigned as error, as to any of the exceptions that involved questions of fact, or technical defects that 1. did not affect the merits. All the exceptions of the appellant relate to questions of fact, or "technical errors and defects which do not affect the merits," except that which assigns error on the part of his Honor, the Circuit Judge, in refusing to dismiss the action on the ground that the magistrate did not have jurisdiction.

The question of jurisdiction related to the person, and was waived when the defendant answered the complaint 2 and contested the merits of the case. It is only necessary to refer to *Best* v. *Ry.*, 72 S. C., 479, and the cases therein cited, to show that this conclusion is amply supported by the authorities.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.