7394

### JENKINS v. ATLANTIC COAST LINE R. R. CO.

1. CARRIER—FREIGHT—PENALTY—CAUSE OF ACTION.—Claims for loss or damage to freight and for penalty for failure to adjust in limited time may be sued in separate actions commenced at same time, but judgment for penalty cannot be rendered until judgment for full amount claimed as damages. The cause of action for the penalty arises upon failure to adjust within the time.

2. IBID.—IBID.—IBID.—JURISDICTION of a cause of action for a penalty under the act, 24 Stat., 81, may be acquired by a magistrate in another county than which the cause of action arose by appearance of carrier, pleading and participating in trial.

*What things Court may take judicial notice of stated in dissenting opinion.*

Mr. CHIEF JUSTICE JONES, MR. JUSTICE WOODS *and* JUDGES DANTZLER, PRINCE, MEMMINGER *and* ALDRICH *dissent.*

Before WILSON, J., Sumter, July, 1908. Affirmed.

Five cases. R. M. Jenkins against Atlantic Coast Line R. R. Co., in court of Magistrate Wells, of Sumter county. These cases were first heard on appeal from Circuit Court in this Court, during the April term, 1909, and on November 13th an order was filed providing for argument of question of jurisdiction in *Court en banc* on November 27.

*Messrs. P. A. Willcox, Mark Reynolds* and *Lucian W. McLemore,* for appellant, cite:: *The causes of action arose in Lee county:* 81 S. C., 387; Code of Proc., 145; 16 S. C., 276; 25 S. C., 385; 28 S. C., 313; 53 S. C., 198; 70 S. C., 288; 74 S. C., 69, 438; 80 S. C., 484. *The jurisdiction of the place is of the subject matter:* 24 S. C., 392; 53 S. C., 121; 61 S. C., 240; 11 Cyc., 669. *Court will take judicial notice that a locality is within a particular county:* 23 Stat. 1194, 1197; 4 L. R. A., 41; 25 Stat., 153; 81 S. C., 71; 16 Cyc., 851, 861, 859, 860; 52 S. C., 524; 58 Vt., 567; 12 Ency., 177, 173, 172; 17 Ency., 913; 76 S. C., 241. *Jurisdiction of Magistrate Court must affirmatively appear on the record:* 11 Cyc., 696, 693; 26 S. C., 209; 74 S. C., 442; 70 S. C., 398; 17 S. C., 75; 13 S. C., 198; Chev., 5; 28 S. C., 119; Cool. Con. Lim., 500; Black on Judg., sec. 282.

*Messrs. Lee & Moise,* contra, cite: *The Court of Magistrate in Sumter county had jurisdiction of the causes for penalty:* Code of Proc., 71, subdiv. 3; acts, 1903, 81; 19 S. C., 143; 72 S. C., 482; acts, 1909, 22; 72 S. C., 479; 73 S. C., 292. *The jurisdictional question relates to the person and not to the subject matter:* 34 N. J. L., 422

*And was waived:* 72 S. C., 482; 73 S. C., 292; 81 S. C., 388; Stephens' Plead., sec. 161; 22 Ency., 776-80, 781-2, 784-5; 1 How., 248; 22 Ency., P. & P., 786, 813; 38 Kan., 432; 7 Houst. Del., 330; 11 Ill., 329. *As to judicial notice that a point is in a certain county:* 7 Ency., 881-2; 46 N. Y., 421; 4 L. R. A., 36; 67 Ga., 369; 60 Ohio, 527; Ency. Ev., 1021-2; Starkie on Ev., 735; Phillips on Ev., 619; 72 S. C., 468.

November 27, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement is set out in the record: "This is an action to recover the statutory penalty of $50 for not settling claim for loss of fourteen barrels of flour, shipped from Evansville, Ind., to the plaintiff at St. Charles S. C., $52.50. Defendant demurred to the complaint on the ground, among others, that the action for the penalty should have been united in the suit to recover the value of the flour, and defendant demurred to the complaint on the further ground that it did not state facts sufficient to constitute a cause of action."

The magistrate overruled the demurrer, whereupon the defendant appealed to the Circuit Court. That Court dismissed the appeal, and the defendant appealed to this Court upon the following exceptions:

"Because his Honor, the Circuit Judge, erred in not sustaining the first ground of appeal, 'in holding that the facts stated in the complaint, which was a separate suit for the penalty in this case, constituted a cause of action.'

"Because his Honor erred in not sustaining the second ground of appeal, 'Because said magistrate should have held that no penalty had accrued, therefore, no cause of action for said penalty had accrued at the time the suit was commenced, the suit for the loss of the freight, on which the penalty was claimed, having been started simultaneously with the suit for the penalty.'

·"Because his Honor erred in not sustaining the third ground of appeal, 'Because said magistrate erred in not holding that under the act of 1903, the penalty should have been sued for in the same action, the said act providing that unless the plaintiff recover "in such action" the full amount of the claim "no penalty should be recovered." ' "

Sections 2 and 4 of the act of 1903, page 81, are as follows: "That every claim for loss of, or damage to property, while in the possession of such common carrier, shall be adjusted and paid within forty days; in case of shipments wholly within this State, and within ninety days, in case of shipments from without this State, after the filing of such claim with the agent of such carrier at the point of destination of such shipment: *Provided,* That no such claim shall be filed until after the arrival of the shipment, or of some part thereof, at the point of destination, or until after the lapse of a reasonable time for the arrival thereof. In every case such common carrier shall be liable for the amount of such loss or damage, together with interest thereon, from the date of filing of the claim therefor, until the payment thereof. Failure to adjust and pay such claim, within the periods respectively herein prescribed, shall subject each common carrier so failing to a penalty of fifty dollars for each and every such failure, to be recovered, by any consignee or consignees aggrieved, in any court of competent jurisdiction: *Provided,* That unless such consignee or consignees recover in such action the full amount claimed, no penalty shall be recovered, but only the actual amount of the loss or damage, with interest as aforesaid."

Sec. 4. "That causes of action for the recovery of the possession of the property shipped, for loss of damage to, and for the penalties herein provided for, may be united in the same complaint."

The words of section 2, "That unless such consignee or consignees recover *in such action* the full amount claimed,

no penalty shall be recovered," as well as the language of section 4, show beyond question that the claim for the loss of the property and that for the penalty can be united in the same complaint.

But section 4 also recognizes that the claim for the loss of the property and the claim for the penalty constitute two separate and distinct causes of action, upon which suit can be brought in separate complaints, and it was for this reason that permission was granted the plaintiff to unite the two causes of action in one complaint if he so desired.

The exceptions raising this question are, therefore, overruled.

The next question that will be considered is, whether the cause of action, for the penalty, had accrued at the time this action was commenced.

When a common carrier fails to adjust and pay the consignee's claim, within the time specified by the statute, it subjects itself to liability; 1st, for the amount of the loss or damage, together with interest thereon, from the date of the filing of the claim therefor, until the payment thereof: 2d. For a penalty of fifty dollars for failure to adjust and pay the claim, within the period prescribed by the statute, provided the consignee recovers the full amount thereof.

The plaintiff may bring his action for the penalty at the time he commences suit for the loss of the property, but judgment can not be rendered in his favor until he has recovered the full amount claimed, on the cause of action, for the loss of the property. This condition is anomalous, but the statute so provides.

The exception raising this question is also overruled.

At the conclusion of his argument, the appellant's attorney raised the question of jurisdiction, on the ground that St. Charles, the point of destination, is not in Sumter, but in Lee county.

The question was presented for the first time in this Court.

The defendant appeared generally, at all the trials, and contested the case upon the merits.

Section 21, article V, of the Constitution, provides: "Magistrates shall have jurisdiction in such civil cases, as the General Assembly may prescribe: *Provided,* Such jurisdiction shall not extend to cases, were * * * the amount claimed, exceeds one hundred dollars."

Section 23, article V, of the Constitution, contains the provision that every "civil action cognizable by magistrates shall be brought before a magistrate in the county where the defendant resides."

Section 71, of the Code of Procedure, provides: "Magistrates shall have civil jurisdiction in the following actions: * * *. 3. An action for a penalty, fine, or forfeiture, where the amount claimed or forfeited does not exceed one hundred dollars.

Section 145, of the Code of Procedure, contains the following provisions: "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose. * * * 1. For the recovery of a penalty of forfeiture imposed by statute."

In the case of *Jenkins* v. *Ry.,* 73 S. C., 292, 53 S. E., 481, the Court ruled, that if a corporation answer a complaint, and contest the case on the merits, it waives the right to insist that the Court did not have jurisdiction of it.

In that case, the Court used this language: "The question of jurisdiction related to the person, and was waived, when the defendant answered the complaint, and contested the merits of the case. It is only ncessary to refer to *Best* v. *Ry.,* 72 S. C., 479, 52 S. E., 223, and the cases therein cited, to show that this conclusion is amply supported by the authorities."

Turning to the case of *Best* v. *Ry.,* 72 S. C., 479, 52 S. E., 223, we find that Mr. Justice (now Chief Justice)

Jones, who after quoting from section 21, article V of the Constitution, and from section 71 of the Code of Procedure, used this language: "This would seem to give magistrates jurisdiction in an action for penalty, not exceeding one hundred dollars, against all defendants who may be subject to the process of the Court, *or who may voluntarily appear therein.*" (Italics ours.) There was a dissenting opinion, but not on this question, and the following authorities were cited to sustain the view expressed by Associate Justice Gary *Ex parte Perry Stove Co.,* 43 S. C., 186, 20 S. E., 980; *Smith* v. *Walke,* 43 S. C., 381, 21 S. E., 249; *Rosamond* v. *Earle,* 46 S. C., 9, 24 S. E. 44; *Martin* v. *Fowler* 51 S. C., 164, 29 S. E., 261; *Bird* v. *Sullivan,* 58 S. C., 50; 36 S. E., 494; *Burkhalter* v. *Jones,* 58 S. C., 89, 36 S. E., 495; *Baker* v. *Irvine,* 62 S. C., 293, 40 S. E., 672; *ex parte Hilton,* 64 S. C., 201, 41 S. E., 978; *Garrett* v. *Herring,* 69 S. C., 278, 48 S. E., 245.

There are cases, however, in which a contrary view is expressed, as will be seen by reference to *Silcox* v. *Jones,* 80 S. C., 484, 61 S. E., 948, and the cases therein mentioned.

The line of cases in this State which hold that when the defendant appears generally, and contests the case upon the merits, the right to object to the jurisdiction of the Court is sustained by the weight of authority elsewhere, and is in accord with justice and fair dealing. He who is silent, when good conscience demands that he should speak, shall not be allowed to speak when justice requires that he should be silent.

The provision that an action for the recovery of a penalty must be tried in the county where the cause, or some part thereof, arose, is a mere statutory requirement as to procedure, but it cannot be successfully contended that it constitutes the *subject matter* of the action.

Section 71 of the Code of Procedure, in express terms, confers upon magistrates, jurisdiction of an action for a penalty, where the amount claimed does not exceed one hun-

dred dollars. Section 145 is a mere statutory requirement as to the place where the jurisdiction may be exercised.

If the statute had not conferred upon magistrates, jurisdiction of an action for a penalty, the defendant could not give jurisdiction by waiving his right to insist upon the objection, that the magistrate was without jurisdiction to try the case.

But the defendant had the right to waive the objection that *jurisdiction was being exercised* in the wrong county. This distinction is pointed out in 1 Black on Judgments, section 240, as follows: "It is an inflexible rule, that any judgment rendered by a Court upon a matter, not within its jurisdiction, is null and void, incapable of ratification, and subject to collateral impeachment. The principles which govern this point have been well stated in the following language: '1. Where the judicial tribunal has general jurisdiction of the subject matter of the controversy or investigation, and the special facts which give it the right to act in a particular case are overruled and not controverted, upon notice to all proper parties, jurisdiction is acquired and cannot be assailed, in any collateral proceeding. 2. Where the judicial tribunal has not general jurisdiction of the subject matter under any circumstances, no averment can supply the defect, no amount of proof can alter the case, no consent can confer jurisdiction * * * . If we inquire more particularly into the meaning of the terms here employed, the answer is, that by jurisdiction over the subject matter is meant the nature of the cause of action of the relief sought, and this is conferred by the sovereign authority which organizes the Court, and is to be sought for in the general nature of its powers, or in authority specially conferred.' "

To the same effect are *Matter of Moore,* 28 Sup. Ct. Rep. 585, and *Western L. & S. Co.* v. *Butte & B. Min. Co.,* 28 Sup. Ct. Rep., 720.

If we deemed it necessary, we would consider the question whether section 145 of the Code of Procedure is in conflict with section 23, article V of the Constitution, which requires every civil action cognizable by magistrates to be brought before a magistrate in the county where the defendant resides, whereas, section 145 of the Code of Procedure provides: That the action must be tried in the county where the cause, or some part thereof, arose.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE HYDRICK and CIRCUIT JUDGES GARY, WATTS, KLUGH, GAGE and SHIPP concur in this opinion.

MR. CHIEF JUSTICE JONES, dissenting. An action was brought before a magistrate in Sumter county to recover $52.50, the value of fourteen barrels of flour alleged to have been lost while in defendant's possession, and joined therewith was an action for $50.00 penalty for not adjusting the claim as required by statute. The magistrate gave judgment for the amount claimed in both causes of action, and the Circuit Court affirmed the judgment.

On the hearing before this Court, appellant for the first time raised the question that the magistrate had no jurisdiction of the action for the penalty. The goods were shipped from Evansville, Ind., to St. Charles, S. C., and the claim was filed for adjustment at St. Charles. The contention is that the Court will take judicial notice that St. Charles is in Lee county, and that, therefore, the cause of action for penalty did not arise in Sumter county, but in Lee county. This Court allowed counsel on both sides to file arguments as to the point of jurisdiction. "Courts will ordinarily take judicial notice of whatever is or ought to be generally known within the limits of their jurisdiction." 1 Elliott on Evidence, sec. 42.

Without attempting to define the limits within which an appellate court with no jurisdiction over facts may take judicial notice, it is certain that an appellate court may at least take notice of matters within the judicial notice of the trial Court. 1 Elliott on Evidence, sec. 39.

The testimony shows that St. Charles is a regular station on the line of the Atlantic Coast Line Railway, that plaintiff has been for years conducting a mercantile business at that place, and that St. Charles, S. C., is his address. Courts take judicial notice of the location of a railroad within its jurisdiction, and, therefore, this Court knows that defendant's line traverses Lee county as well as Sumter county. The Court also takes notice of the well known custom of railroads not to have two stations of the same name on its line within a State, and of the custom of the government not to have two postoffices of the same name in a State. By public statutes, St. Charles is within the territorial jurisdiction of a magistrate of Lee county, and is located as a voting precinct in St. Charles township, in Lee county. St. Charles is also an established postoffice in Lee county. The authorities generally hold that judicial notice may be taken of the location of incorporated towns and cities along the line of a railroad, but we think, within the principle of the rule, a Court may take notice of the geographical location of regular and long established stations on such line which are postoffices, and the location of which is designated by a public statute. Such public characteristics distinguish such localities from mere private places, and it is fair and safe for the Court to attribute to them such notoriety as to bring them within the common knowledge of persons of intelligence. *Funderburg* v. *Augusta etc. Ry. Co.,* 81 S. C., 141, 61 S. E., 1075; *Central etc.* v. *Gamble* (Ga.), 3 S. E. Rep., 288; *R. R. Co.* v. *Case,* 15 Ind., 42; *R. R. Co.,* v. *Moore,* 16 Ind., 43; 16 Cyc., sec. 861; 12 Am. & En. An. Cases, note 927-938.

This Court takes notice that St. Charles, the place of delivery of the goods, is not located in Sumter county, but is in Lee county.

In one of the cases of same plaintiff against same defendant, involving shipment of shoes, and involving the same question of jurisdiction, the complaint characterised St. Charles as *a town in Lee county,* and while there was a general denial in the answer, no evidence was offered to show that St. Charles is in Sumter county. As a magistrate court is one of limited jurisdiction, its jurisdiction of an action for the penalty should affirmatively appear in the record. *Hall* v. *Sullivan,* 70 S. C., 397. St. Charles not appearing to be in Sumter county, did the magistrate in Sumter county have jurisdiction?

It is, of course, conceded that if the question of jurisdiction relates to the person it may be, and was waived by appearance and contest on the merits. The authorities on this point are too numerous to cite. But on the other hand, if the question of jurisdiction relates to the subject, it cannot be waived, since consent can not confer such jurisdiction. The authorities on this point are also too numerous to cite.

It is furthermore manifest that if the jurisdiction is of the subject, the principle that, "He who is silent when good conscience demands that he should speak, shall not be allowed to speak when justice requires that he should be silent," has no application, for the simple reason that if consent cannot confer such jurisdiction, it cannot be conferred by waiver or estoppel in *pais,* which are based upon assent. It is further settled that if the jurisdictional question relates to the subject, it may be made for the first time in this Court. *State* v. *Penny,* 19 S. C., 218; *Ware* v. *Henderson,* 25 S. C., 388; *Bell* v. *Fludd,* 28 S. C., 315, 5 S. E., 810. Hence, it is apparent that the real point in controversy is whether the present question of jurisdiction relates to the person or to the subject.

23—84

On this point the authorities in this State are practically unanimous to the effect that the question of jurisdiction at bar relates to the subject. *Ware* v. *Henderson,* 25 S. C., 285; *Bell* v. *Fludd,* 28 S. C., 313, 5 S. E., 810; *McGrath* v. *Ins. Co.,* 74 S. C., 69, 54 S. E., 218; *Nixon* v. *Ins. Co.,* 74 S. C., 440, 54 S. E., 657; *Silcox* v. *Jones,* 80 S. C., 484, 61 S. E., 948; *Riley* v. *Southern Ry. Co.,* 81 S. C., 387, 62 S. E., 509.

In *Best* v. *Ry. Co.,* 72 S. C., 479, 52 S. E., 223, the cause of action for the penalty arose in the county in which suit was brought, and the Court held that the magistrate having jurisdiction of the subject could acquire jurisdiction of the person of a *foreign* corporation having property in this State by service of a summons or by appearance of defendant. Hence, the case has no bearing on the present issue.

The only case which gives semblance of support to the view that a magistrate may have jurisdiction over the subject an action for a penalty on a cause of action wholly arising in another county is *Jenkins* v. *Railway,* 73 S. C., 294, 53 S. E., 481, but when that case is examined with care it will be found not to sustain the view. In that case the contract of shipment, and the delivery of the goods was to the carrier at Gaffney, S. C., in the County of Cherokee, where the suit was brought, and while the contract was for the delivery of the goods at Greers, in Greenville county, for all that appears the goods may have been lost in Cherokee county. The requirement of the statute is that the action for a penalty "must be tried in the county where the cause or some part thereof arose." In that case Judge Ernest Gary found, as a matter of fact, "That at least a portion of the cause of action did arise in this (Cherokee) county." Exception (9) was taken to this finding of fact, and this exception was overruled as involving a question of fact. Hence, the *point* decided in the case was that a magistrate in Cherokee county had jurisdic-

tion of an action for a penalty, the Circuit Court having found, as a fact, that some part of the cause arose in that county. It is true, the Court, speaking through Mr. Justice Gary, further said: "The question of jurisdiction related to the person, and was waived when the defendant answered the complaint, and contested the merits of the case. It is only necessary to refer to *Best* v. *Ry.*, 72 S. C., 479, 53 S. E., 481, and the cases therein cited to show that this conclusion is amply supported by the authorities." Turning to the last mentioned case, we do not find any authorities in the majority opinion of the Court to sustain the view that a magistrate has jurisdiction of an action for a penalty when no part of the cause arose in his county, and there was no such issue, nor do we find any such authorities in the dissenting opinion, as the authorities therein related to jurisdiction of the person, and not jurisdiction of the subject. In *Jenkins* v. *Ry.*, *supra*, there was not expressed any intention to overrule the doctrine of *Ware* v. *Henderson*, and *Bell* v. *Fludd*, *supra*, but in the latter case of *Dixon* v. *Ins. Co.*, *supra*, the Court reaffirmed *Ware* v. *Henderson* and *Bell* v. *Fludd*, and expressly overruled *Jenkins* v. *Ry*, *supra*, in so far as it might be regarded as conflicting with the previously settled law, and in the latest case on the subject, *Riley* v. *Ry.*, *supra*, which involved the right to sue for a penalty in Saluda county, when the cause arose in Newberry county, the Court, speaking by Mr. Justice Woods, said: "The question involved was jurisdiction of the subject matter, and is, therefore, not affected by the appearance of the defendant for the purpose of submitting a demurrer to the complaint for defect of parties, as well as want of jurisdiction, *Nixon* v. *Piedmont Mut. Ins. Co.*, 74 S. C., 438, 54 S. E., 657; *Silcox* v. *Jones*, 80 S. C., 484, 61 S. E., 948."

If, therefore, any question can be regarded as settled by a long line of cases, this is one. While there should be no slavish adherence to the doctrine of *stare decisis* when

the reason for the stated rule has ceased, or the rule is clearly contrary to reason and justice, yet the rule of *stare decisis* is highly salutary in producing certainty as to the law; whereas, vacillation destroys respect for the Court. The rule so long established is well founded in reason. Jurisdiction which depends upon the place where the cause of action arose can not be a mere matter of procedure to be corrected upon timely application, nor is it a mere personal privilege of a party to be waived. It affects the power of the Court to hear and determine the matter, after it has acquired jurisdiction of a person by service of summons or by appearance. The question is not whether a magistrate in Sumter county has jurisdiction to try an action for a penalty, but whether he has jurisdiction to try such an action, when the cause in whole or in part did not arise within his district or county. The statute which commands that a particular action must be tried in a designated county is a territorial limitation of the Court's jurisdiction and power, which cannot be controlled by consent of parties. The object of the action is not to recover a penalty without regard to where the cause of action arose, but for a penalty as to which the cause arose in whole or in part in the county of the suit. "Cause of action" means all the facts necessary to establish plaintiff's right to relief. These are, in brief, the delivery of the goods to defendant as a carrier, the contract of transportation and delivery, its breach, and damages sustained; and as to the penalty, these additional facts: the filing of a claim for loss or damage, non-adjustment of the claim within the statutory period, and establishing of right to recover the amount of claim as filed. Some of these facts may have arisen in one county, and some in another, in which event the cause may be said to have arisen, in part in either county, as in the case of *Jenkins* v. *Ry., supra*.

Section 145, of the Code of Civil Procedure, is imperative in requiring an action for a penalty imposed by statute

to be tried in the county wherein the cause or some part thereof arose, and there is no doubt that the cause of action in this case arose in Lee county.

In so far as act approved February 26, 1909, affects sec. 145, it has no application in this case, as the action was commenced before the adoption of the statute. It is contended, however, that the penalty act of 1903, which allows causes of action for recovery of the possession of the property shipped, for loss or damage thereto, and for the penalties therein provided for, may be united in the same complaint, and repeals inconsistent acts, amends section 145, above, so as to carry the right to join an action for penalty in any county wherein an action for damages, etc., may be brought.

Section 4 of the act of 1903 may be construed as amending the provisions of the Code providing for joinder of causes of action, but it will be seen, by reference to section 188 of the Code of Civil Procedure on that subject, that actions which require different places of trial are not to be joined, and the act of 1903 nowhere, expressly or by necessary implication, shows an intention to change the place of trial of actions for penalties. Hence, construing the act of 1903, with reference to sections 145-188 of the Code of Civil Procedure, the purpose was not to alter the law as to the place of trial of actions for penalties, but to permit a joinder in any court having jurisdiction of the causes sought to be joined. Accordingly in *Riley* v. *Southern Ry., supra,* the latest case on that subject, a majority of the Court, as already stated, held that the question related to jurisdiction of the subject matter, and that a magistrate in Saluda county having jurisdiction of an action for damages, nevertheless had no jurisdiction of the action for the penalty arising in Newberry county. The conclusion, therefore should be that the magistrate of Sumter county had no jurisdiction of the action for penalty which arose in Lee county. Considered merely with respect to common carriers of freight, the ques-

tion may not be regarded as very important, since the act of February 26, 1909, has altered the rule as to actions for certain penalties against them, but the case as a precedent will affect all actions for penalties imposed by statute, and in that view is important. But what to me seems very important is that if the magistrate had no jurisdiction of the subject matter, the judgment rendered for the penalty is void, and ought not to be affirmed, especially when the action of the Court may be regarded as overruling numerous decisions of the Court and departing from the long-established law, without any good reason.

Mr. Justice Woods *and* Circuit Judges Dantzler, Prince, Memminger *and* Aldrich *concur in this opinion.*