## 7865

### VINCENT v. SOUTHERN RY.

CARRIER—FREIGHT—PENALTY—JURISDICTION.—On a cause of action arising in 1908 an action may be brought in proper county after nonsuit of the cause of action for penalty for failure to adjust claim for damages to freight for want of jurisdiction, joined with an action for damages.

Before GAGE, J., Hampton, November, 1909.   Reversed.

Action by J. W. Vincent against Southern Ry.   Plaintiff appeals from order sustaining demurrer.

*Messrs. C. B. Searson* and *J. W. Vincent* for appellant.

*Messrs. Jas. W. Moore* and *J. B. S. Lyles,* contra.   *Mr. Lyles* cites: *Exceptions not based on the record should not be considered:* 2 Cyc. 1002; 2 Ency. P. & P. 965; 27 Pac. 960; 28 S. E. 368; 20 C. C. A. 400; 55 S. C. 337; 61 S. C. 341.

April 20, 1911.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES.   This appeal is from an order sustaining a demurrer to the complaint.

The allegations of the complaint substantially are as follows:

In April, 1908, plaintiff shipped a box of crockery by defendant from Columbia, S. C., to Hampton, S. C.   The shipment when delivered was injured to the extent of three dollars, claim therefor was filed at the point of destination in August, 1908, which was not paid or adjudged within the time required by statute, thereafter suit was instituted before a magistrate in Barnwell county, in which defendant operated its line, for the damages and for the penalty of fifty dollars, judgment was obtained for the damages, but

plaintiff was nonsuited as to the penalty, on the ground that a magistrate of Barnwell had no jurisdiction of an action for a penalty which arose in Hampton county.

Thereafter plaintiff brought this action for the penalty fifty dollars in Hampton county, to which defendant interposed a demurrer "that plaintiff having brought his action for both damages and penalty in the Court of Magistrate Morris of Barnwell county, and holding the judgment obtained in that Court for his damages, can not now sustain a second action for the penalty alone in Hampton county."

The Court erred in sustaining the demurrer. The case of *Jenkins* v. *Atlantic Coast Line Railroad,* 84 S. C. 347, 66 S. E. 409, holds that the claim for the loss of the property and the claim for the penalty constitute two separate and distinct causes of action upon which suit for damages to freight may be brought in any county in which the carrier has a line of road and an office for transaction of its business, and that a magistrate may have jurisdiction of an action for damages to freight and no jurisdiction of an action for the penalty, since the statute then in force required an action for a penalty to be brought in the county where the cause of action therefor arose.

The act of February 26, 1909, allowing an action for a penalty in any county wherein an action for damages to freight may be brought was not in force when the action for penalty was first instituted in Barnwell county. The action for penalty having been properly dismissed for want of jurisdiction by the Barnwell magistrate at that time and being so separate and distinct as to warrant a separate action, there was nothing to prevent a second action therefor in a proper jurisdiction.

The judgment of the Circuit Court is reversed.