7885

STATE v. BETHEA.

WAIVER.—JURISDICTION arising out of the statutory provisions relative to the place of trial pertain to the person and not the subject matter and may be waived by appearance and contest on the merits.

*Riddle* v. *Reese,* 53 S. C., 198, *overruled by Jenkins* v. *Ry.,* 84 S. C., 343.

Before GARY, J., Marion, March, 1910. Affirmed.

Indictment against Sid Bethea. Defendant appeals.

*Mr. W. F. Stackhouse,* for appellant, cites: *Jurisdiction:* 53 S. C. 198; 25 S. C. 385. *Waiver:* 19 S. C. 218; 25 S. C. 416.

*Solicitor Walter H. Wells,* contra, cites: *Waiver:* 61 S. C. 237; 67 S. C. 231; 43 S. C. 176; 71 S. C. 421; 3 Cyc. 515.

This case was first argued during the November, 1910, term, but rehearing granted and it was reargued at the April term.

April 28, 1911. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts are thus stated in the record:

"On December 27, 1909, the defendant shot one Thomas Bethea, who died from the effects of said wound on January 28, 1910. The wound was inflicted and the death occurred in that portion of Marion county now established as Dillon county. The magistrate, who held the inquest, reported that it was a case of justifiable homicide. The inquest proceedings were transmitted to the solicitor through the regular channel. The defendant was not arrested, nor was he required to enter into cognizance for his appearance at Court. The Court of General Sessions for Marion county was held on the 7th day of March, 1910. A bill of indictment was given out by the solicitor, to the grand jury of Marion county on that date, and a true bill was returned on the same date. The defendant voluntarily appeared in Court on the following day and plead to the indictment. He entered upon trial on that date, in the Court of General Sessions of Marion county, before his Honor, Judge Ernest Gary, and a jury. A verdict of guilty of manslaughter was found against him, and he was sentenced to two years' hard labor on the public works of Marion county or in the State penitentiary. The defendant made no question regarding the jurisdiction of the Court of General Sessions of Marion county, either on his arraignment, or during his trial, or when sentence was pronounced upon him. No motion for

change of venue was made. No clerk of court of Dillon county had been elected on the date of said trial."

The appellant's attorney in his argument says:

"The three exceptions in this appeal raise only one question, although they raise different phases of the same question. That question is whether or not the Court of General Sessions of Marion county, on the 7th day of March, 1910, had jurisdiction to present, try and sentence the defendant for a homicide, where the wound was inflicted and death occurred in that portion of Marion county now established as Dillon county, the wound having been inflicted on December 27, 1909, and death having occurred on January 28, 1910."

The act entitled "An act to establish Dillon county," was approved the 5th of February, 1910. Section 23 thereof provides that it should be deemed a public act, and should take effect immediately upon its approval by the Governor. Section 14 contains these provisions:

Section 14. "That each civil action or proceeding now pending in the county of Marion, in which the defendant resides, in that portion of Marion county now established as Dillon county, and each indictment now pending in the said county of Marion, in which the offense charged was committed in that portion of Marion county now established as Dillon county, shall be transferred to the Calendars of the Court of Common Pleas and General Sessions for the county of Dillon; and all the records, commissions, and other papers belonging to any of said suits or indictments, together with all the legal incidents thereto appertaining, shall be transferred to the county of Dillon within ten days after notice and demand therefor by the clerk of the court of Dillon county upon the clerk of the court of Marion county, and said clerk shall receive therefor the fees now allowed by law: *Provided,* That the said clerk of court of Dillon county shall duly receipt to said clerk of court of

Marion county for each and every record, commission or other paper so transferred." * * *

Section 14 was amended by an act, approved the 23d of February, 1910 (but which did not go into effect until twenty days thereafter), by inserting between the words "county" and "provided" the words: "*Provided,* That until such demand shall be made, by the clerk of the court of Dillon county, all of said cases, civil and criminal, shall be proceeded with by the Courts of Marion county, in all respects, as if Dillon county had not been formed."

In the case of *Jenkins* v. *Ry.*, 84 S. C. 343, 66 S. E. 409, it was decided that the question of jurisdiction arising out of the statutory provisions relative to the place of trial pertain to the person and not to the subject matter of the action, and that the defendant waives the right to object to the jurisdiction of the Court when he appears generally and contests the case upon the merits. The appellant relies upon the case of *Riddle* v. *Reese,* 53 S. C. 198, 31 S. E. 222. That case, however, in so far as it decided that jurisdiction in a case like this relates to the subject matter and not to the person, and that it cannot be waived, was overruled by the case of *Jenkins* v. *Ry.,* 84 S. C. 343, 66 S. E. 409.

Appeal dismissed.