11369

STATE v. COCKFIELD

(120 S. E., 359)

CRIMINAL LAW—COUNTY TO WHICH LOCALITY OF CRIME WAS ANNEXED AFTER ITS COMMISSION HAS JURISDICTION.—Where a township in which a crime was committed was annexed to another County after the commission of the crime, the Court of that County and not the County of which the township was a part of the time of the crime has jurisdiction, though the defendant had executed a recognizance in a prosecution in the other County.

Before WILSON, Judge, Williamsburg, September, 1923. Reversed.

*Habeas corpus* on behalf of A. K. Cockfield. From an order denying petition, petitioner appeals. '

*Mr. Philip H. Arrowsmith,* for appellant, cites: *No indictment pending in Williamsburg County when portion of County was transferred to Florence and proper place of trial is in Florence County:* 32 Stat., 212; 16 C. J., 107; 18 R. C. L., 101; 53 S. C., 384; 110 A. S. R., 197. *Appearance in this matter does not confer jurisdiction:* 46 S. C., 15; 89 S. C., 111; 70 S. C., 466; 88 S. C., 515; 12 Rich. L., 31.

*Mr. Frank A. McLeod, Solicitor,* and *Kelly & Hinds,* for the State, cite: *Crime committed in what was then Williamsburg County and trial should be in that County:* 88 S. C., 515; 70 S. C., 466; 98 S. C., 135; 11 S. E., 637; 89 S. C., 111.

December 10, 1923.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appellant states the case as follows:

"This is an appeal from the order of his Honor, Judge Wilson, refusing to discharge the appellant upon his petition in *habeas corpus* proceedings before him. The facts of the matter are as follows: On May 26th, 1919, S. O. Haselden received injuries and instantly died in Johnson Township, then a portion of Williamsburg County. On the 4th day of March, 1921, Johnson Township was, by an Act of the Assembly, annexed to, and made a part of Florence County. On August 10, 1923, appellant was arrested under a warrant issued by the Magistrate at Kingstree in Williamsburg County, charged with murder in connection ·with the death of Haselden.

"Upon commitment of appellant to the Williamsburg County jail he employed counsel for the purpose of obtain-

ing his release on bail, for which purpose the usual petition was made, the Solicitor waived notice, the appellant waived personal appearance and the attorney for appellant appeared before Judge John S. Wilson, the resident Judge of the Third Circuit, at his chambers in Manning, S. C., who passed an order for bail in the sum of $2,500. The usual appearance recognizance with acceptable sureties was executed, approved by the Clerk of Court for Williamsburg County, and the appellant was released.

"Thereafterwards the sureties on the recognizance of the appellant surrendered him to the Sheriff of Williamsburg County, who accepted the custody of the appellant, and retained him under the original arrest warrant and commitment. While so confined, the appellant brought his petition before Judge Wilson, praying that he might be discharged upon the ground that the Court of Sessions for Williamsburg County was without jurisdiction to try him upon the charge of murder under the facts above set forth; that the Sheriff of Williamsburg County was unlawfully restraining him of his liberty because the Magistrate in Williamsburg County had no jurisdiction of the crime alleged to have been committed by the defendant. Upon this petition in *habeas corpus* Judge Wilson issued his rule to show cause directed to the Sheriff of Williamsburg County, and due notice of the hearing was given the Solicitor, who appeared with the Sheriff and made return to the rule and answered to the petition setting up therein the fact of the execution of the recognizance by the petitioner, A. K. Cockfield, and his enjoying the benefits thereof as a waiver of his right to question the jurisdiction of the Courts of Williamsburg County; that the surrender of the petitioner by his sureties was done for the purpose of raising this question; and that the Courts of Williamsburg County had jurisdiction of the crime.

"Upon hearing the petition, return, and arguments of counsel thereon, Judge Wilson by a *pro forma* order refused the motion, and the petitioner was recommitted to jail. From

this order the matter is brought to this Court for the determination of two questions:

"First: Have the Courts of Williamsburg County jurisdiction to try the defendant for murder?

"Second: If they have not, did he confer this jurisdiction upon them by executing his recognizance?"

The exceptions must be sustained under *Riddle v. Reese,* 53 S. C., 198; 31 S. E., 222; the order appealed from reversed, and the record in the case ordered to be transferred from Williamsburg County to Florence County, where the appellant lives, and where the case must be tried. Reversed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY: I dissent. See *Jenkins v. Railway,* 84 S. C., 343; 66 S. E., 409.

MR. JUSTICE COTHRAN: I concur in the opinion of Mr. Justice Watts. See 8 R. C. L., 101; 16 C. J., 197. I reserve my opinion as to whether the entire proceedings in Williamsburg County should not be. dismissed, in view of the defendant's consent and request that the Court of that County order the case as it stands transferred to Florence County for trial.