7360

## SMITH & CO. v. SOUTHERN RY.

1. CARRIER—PENALTY—FREIGHT.—A carrier issuing a through bill of lading over its own and connecting lines is liable under the penalty statute, 24 Stat., 1, for loss or damage to freight, and consignee properly filed his claim against the initial carrier with the agent of the terminal carrier.

2. IBID.—IBID.—JURISDICTION.—The cause of action for penalty against carrier for damage or loss to freight arises at point of destination,

and the magistrate court in the county in which such station is situate
has jurisdiction.

Before WILSON, J., Orangeburg, —————————, 1908.
Affirmed.

Action by A. Z. Smith & Co. against Southern Railway
Company, in court of Magistrate D. B. Berry. From
Circuit order modifying judgment of magistrate, defendant
appeals.

*Messrs. Raysor & Summers,* for appellant, cite: *Claim
must be filed with agent of carrier at destination:* 71 S. C.,
273; 80 S. C., 527; 72 S. C., 483; 79 S. C., 299, 254; 78
S. C., 55. *Suit must be brought when cause of action arose:*
81 S. C., 387. *Jurisdiction of inferior courts must be
proved:* 17 Ency., 225, 1082; 24 Cyc., 440; Chev., 235; 1
Bail., 459; 2 Bail., 267. *Question of jurisdiction may be
raised here:* 74 S. C., 441. *Consent cannot confer juris-
diction:* 80 S. C., 489.

*Messrs. Wolfe & Berry,* contra, cite: *Initial carrier is
agent of terminal carrier:* 24 Stat., 1; 78 S. C., 42. *Issue
of jurisdiction of magistrate cannot be raised here for first
time:* 3 Hill, 239; 30 S. C., 393; 81 S. C., 387. *Initial
carrier is liable:* 79 S. C., 163; 82 S. C., 121; 81 S. C., 387.

November 4, 1909. The opinion of the Court was deliv-
ered by

MR. JUSTICE WOODS. The action was brought against
the Southern Railway Company and Branchville and Bow-
man Railroad Company for the recovery of $5.10, the value
of 192 pounds of flour lost between Charleston, S. C., and
Bowman, S. C., the terminus of the Branchville and Bow-
man Railroad, and for fifty dollars, the statutory penalty
for failure to adjust the claim within the statutory limit of
forty days. After the evidence had been introduced, the

Court, by consent of the attorney for the plaintiff, struck out the name of Branchville and Bowman Railroad Company, and the cause proceeded against the Southern Railway Company as the sole defendant.   The magistrate gave judgment for the value of the flour alone, holding the plaintiffs not entitled to recover the penalty.   On appeal, this judgment was so modified by Judge Wilson as to give the plaintiffs judgment for the statutory penalty of fifty dollars.

The first point submitted, on appeal to this Court, is that the penalty could not be recovered because the claim was not presented to the agent of the Southern Railway at the point of destination.   We think the plaintiffs in filing their claim complied with the penalty statute, strictly construed.   The line of the Southern Railway Company does not extend to Bowman, and in transporting goods to that point, from Charleston, it has to deliver them at Branchville to the Branchville and Bowman Railroad Company.   But the Southern Railway Company issued its through bill of lading for the flour from Charleston to Bowman.   The claim was filed with the agent, Godfrey, of the Branchville and Bowman Railroad Company, at Bowman.   There was evidence warranting the Circuit Court in holding that Godfrey was also the agent of the Southern Railway Company, for the purpose of receiving claims against it relating to goods shipped to Bowman on the Southern Railway Company's through bill of lading.

The shipment being wholly within the State, and received by one road and accepted from it by the other on a through bill of lading, the plaintiffs had all the rights and both carriers incurred all the liabilities provided in such case by the act of May, 1903, 24 Stat., 1, *Venning* v. *R. R. Co.,* 78 S. C., 55, 58 S. E., 983.   Under that act each carrier of goods recognizing or acting under the contract of through shipment was made the agent of the other, "and under a contract with each other and with the shipper, owner and

consignees for the safe and speedy through transportation thereof from point of shipment to destination." Under this statute, when the Southern Railway Company issued its through bill of lading to Bowman, it indissolubly connected itself with the Branchville and Bowman Railroad Company, and undertook to deliver the goods through the Branchville and Bowman Railroad Company by using for the service of delivery the agent of the terminal road as its own. Corporations can act only through individuals. To hold that the agent at Bowman was not the agent of the Southern Railway Company for the purposes of delivery would be to take the life out of the statute. Under such a construction it seems to us the initial carrier could escape the statute altogether by showing a loss to be due to the negligence of a conductor of a freight train, or of any other agent of the terminal road. But, aside from the statute, Godfrey, the agent of the terminal road at Bowman, received the claim and forwarded it, under the instructions of the agent of the Southern Railway Company at Branchville, to Hooper, the general claim agent of the Southern Railway Company; and Hooper not only received and considered the claim so sent, but returned it to the agent at Bowman, and received it from him again with further information. This was evidence tending to show that the Southern Railway Company recognized Godfrey as its agent. This was evidence that the claim was filed with the agent of the Southern Railway Company at the point of destination, and the exceptions on this point are overruled.

The second point made by the defendant is that there is no evidence that the loss of the goods occurred in Orangeburg county, and, therefore, the magistrate in Orangeburg county had no jurisdiction of the action for the recovery of the penalty. The cause of action for the penalty arose at Bowman, in Orangeburg county, when the defendant failed to adjust with the plaintiffs within forty days their claim for the loss of the flour.

*Balderston* v. *Tel. Co.,* 79 S. C., 160, 60 S. E., 435; *Riley* v. *So. Ry. Co.,* 81 S. C., 387, 62 S. E., 509.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.