8662

STRICKLAND v. STRICKLAND.

1. APPEAL.—NOTICE of intention to appeal from judgment filed out of term time is in time when served more than ten days after filing of judgment, but before notice of such filing.

2. JURISDICTION.—THE MAGISTRATE court has jurisdiction of members of a partnership living in another county, if properly served, where one member of the firm lives in his county who is also properly served. That the resident in the magistrate's county has since the making of the contract sued on withdrawn from the partnership under a contract that the other members are liable for the debts, to which the plaintiff was not a party, does not oust the jurisdiction.

Before MEMMINGER, J., Colleton, July, 1912.   Reversed.

Action by J. F. Strickland against Fairfax Furniture Company, in Court of magistrate J. E. Bryan.   From Circuit order reversing magistrate's judgment, plaintiff appeals.

*Messrs. Padgett, LeMacks & Moorer,* for appellant, cite: *Defendants waived objection to jurisdiction by remaining during the trial:* 69 S. C. 278.   *All parties should be sued:* 78 S. C. 302.

*Mr. J. M. Patterson,* contra.

October 6, 1913.   The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.   The respondents moved to dismiss this appeal on the ground that the notice of appeal was not served within the time required by law.   From the affidavits, we gather these facts: The cause was heard in term time, but the Court reserved its decision, and it was filed after the Court had adjourned for the term, on July 12, 1912.   On July 23, 1912, notice of appeal was served on respondents' attorney by J. Henry Johnson, Esq., who makes

affidavit that he delivered to him and left with him a copy thereof. As the parties have ten days after the service upon them of written notice of the filing of orders, decrees or judgments granted or rendered at chambers or filed in vacation (see Code of Procedure 1912, sec. 384, and cases cited in the note, and *O'Rouke* v. *Paint Co.*, 91 S. C. 403), and as no such notice had been given to appellant's attorneys at that time, the service of notice of intention to appeal on July 23 was in time, although it was more than ten days from the filing of the judgment. This makes it unnecessary to pass upon the validity of the service made by the sheriff, upon which appellant also relies. The motion to dismiss the appeal is, therefore, refused.

Plaintiff brought this action in the Court of a Magistrate for Colleton county against the defendants named in the caption, as partners, doing business under the name of the Fairfax Furniture Company. At the time of the commencement of the action, the defendant, W. W. Strickland, was a resident of Colleton county. The other defendants resided in Barnwell county. In January, 1911, when the contract sued on was made, the defendants were all members of the firm. Thereafter, in August, 1911, and before the commencement of the action, the defendant, Strickland, sold his interest in the partnership to the other defendants, who assumed the debts of the concern.

On the call of the case for trial in the magistrate's court, the Thomas defendants interposed an objection to the jurisdiction of the Court, supported by an affidavit, on the ground that, at the time the action was commenced, both members of the firm were residents of Barnwell county. The magistrate overruled the objection, and allowed plaintiff to amend his summons and complaint by charging the defendants as "formerly partners," etc. The Thomas defendants then moved to strike the name of W. W. Strickland from the record, as a party defendant, on the ground that he was not a member of the firm. That motion was refused.

The plaintiff proved the facts above stated. The magistrate rendered judgment against the Thomas defendants only, holding that the testimony showed that, as between them and the defendant, Strickland, they had assumed the debts of the firm. The Thomas defendants alone appealed.

The Circuit Court reversed the judgment on the ground that the magistrate in Colleton county had no jurisdiction of the defendants against whom the judgment was rendered, because they were residents of Barnwell county. The Court held that, as there were several defendants, the magistrate would have had jurisdiction, if one of the real defendants in interest had been a resident of Colleton county; but that, as the defendant, Strickland, was not a real party in interest, because the other defendants had assumed the firm debts, the Court could not acquire jurisdiction of the others by making him a party defendant.

· In this, the Court erred. The assumption of the firm debts by the Thomases was an agreement only between them and the defendant, W. W. Strickland. There was no testimony that the plaintiff was a party to it, or that he acquiesced in it. Therefore, it could not have affected the liability of the defendant, Strickland, to the plaintiff. His liability to the plaintiff was fixed, when the contract was made, and nothing which the members of the firm did among themselves after that time could have affected it without his consent. Therefore, he was properly made a party defendant, and, as one of the proper parties defendant was a resident of Colleton county, the magistrate of that county had jurisdiction of all the defendants, under the authority of section 174 of the Code of Procedure of 1912, which provides that, if there is more than one defendant, the action may be tried in any county in which one or more of the defendants reside, at the time of the commencement thereof. In such cases, when the Court has properly acquired jurisdiction of the parties, the rendition of a judgment in favor

of the party whose residence in the county of trial gave the Court jurisdiction of the other defendants could not have the effect of ousting the jurisdiction.

Reversed.