### 9698

RAGIN v. NORTHWESTERN R. CO. OF SOUTH CAROLINA
*ET AL.*

(93 S. E. 860.)

1. CARRIERS—ACTION FOR SHORTAGE IN COTTON SHIPMENT—SUFFICIENCY OF EVIDENCE.—In action against a carrier for shortage of a cotton shipment, evidence *held* to establish alleged weight of cotton when delivered to carrier.

2. CARRIERS—ACTION FOR SHORTAGE IN COTTON SHIPMENT—SUFFICIENCY OF EVIDENCE.—Evidence in such case *held* to establish delivery of a cotton bale by consignor to carrier in good condition, and showing no shortage until coming into possession of consignee.

3. CARRIERS—ACTION FOR SHORTAGE IN COTTON SHIPMENT—SUFFICIENCY OF EVIDENCE.—In such case evidence held to overcome presumption that loss occurred while cotton was in carrier's possession..

4. MAGISTRATES—APPEARANCE—WAIVER OF OBJECTION TO JURISDICTION.— By appearing for sole purpose of objecting to magistrate's jurisdiction on ground of residency of parties, defendant pursued the proper practice to prevent waiver of right to object to jurisdiction.

5. APPEAL AND ERROR—REVIEW—FINDING OF FACT—CONFLICTING EVIDENCE.—The Supreme Court has no jurisdiction to review findings of fact in a law case, where the evidence is susceptible of more than one inference, but where only one inference is reasonably deducible, it must be determined by the Court as a matter of law.

6. Appeal and Error—Reversal—New Trial—Statute.—Where deficiency of evidence in a case tried in magistrate's Court and appealed to Circuit Court may be supplied on another trial, a new trial will follow reversal of judgment; Circuit Court rule 77 (Code of Laws, vol. II, 756, 73 S. E. 7) and Supreme Court rule 27 (104 S. C. 539, 90 S. E. 12) not applying, changing the practice with regard to the effect of reversal of judgments in cases brought in the original jurisdiction of the Circuit Court, the matter thus being left as it existed before adoption of such rules.

7. Magistrates—Jurisdiction—Action Against Carrier and Consignee.—Where a consignee, in action for shortage in cotton shipment, did not allege that carrier and consignee were jointly liable, magistrate had no jurisdiction to try cause as against consignee firm, all members of which resided in a different county from that in which suit was brought.

Before Memminger, J., Manning, March, 1917. Reversed as to N. W. R. R. Co.

Action by C. H. Ragin against the Northwestern Railroad Company of South Carolina and another. Judgment in magistrate's Court for defendant named, and on appeal to Circuit Court judgment reversed, and judgment rendered for plaintiff, and defendant named appeals.

*Messrs. Purdy & O'Bryan,* for N. W. R. R. Co., appellant, cite: *As to effect of recitals in bill of lading:* 85 S. C. 537; 94 S. C. 212; 99 S. C. 187, 198.

*Mr. J. J. Cantey,* for C. H. Ragin, cites: *As to joinder of action:* 95 S. C. 493; Code Civ. Proc., sec. 493.

*Messrs. R. B. Belser* and *J. B. Duffie,* for H. W. Frost & Co., respondent.

June 28, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

On the 28th of October, 1916, the plaintiff shipped to Henry W. Frost & Co. one bale of long staple cotton weigh-

ing 504 pounds, worth 29 cents per pound. Henry W. Frost & Co. thereafter notified the plaintiff that there was a shortage of 117 pounds in the weight of said bale, aggregating in value $33.93.

The plaintiff brought suit in a magistrate's Court against the defendant, Northwestern Railroad Company of South Carolina, for said sum, and $50 penalty, but the magistrate rendered judgment in favor of said defendant on the ground that it had discharged its duty and delivered the bale of cotton to the consignee in good order.

On appeal to the Circuit Court the magistrate's judgment was reversed, and judgment rendered in favor of the plaintiff for the amount claimed, together with the penalty, and the defendant appealed to this Court.

The vital question in the case is whether there is any testimony from which a reasonable inference can be drawn that the defendant caused the loss of the cotton.

The following testimony was offered upon the trial of the case: C. H. Ragin, plaintiff, testified as follows: I shipped a bale of cotton to Henry W. Frost & Co., at Charleston, over the Northwestern Railroad. Before the cotton was shipped, it was weighed by Mr. Frank Richbourg, the public cotton weigher, and weighed 504 pounds. The railroad company issued me a regular bill of lading (offered in evidence as Exhibit A), and I later got account sales from Frost & Co. for a bale of cotton, in which there was a loss in weight of 117 pounds.

Cross-Examination: I shipped the cotton myself. The agent did not reweigh the cotton, but I told him what it weighed. When the bale left Summerton it was in good order; it had not been sampled. I have been farming 15 or 20 years; and if 117 pounds had been picked out of the bale it would have showed up pretty well.

Recross-Examination: I did not point out the bale of cotton to the agent, but gave him the ticket the weigher gave me.

J. F. Richbourg, public weigher at Summerton, a witness for plaintiff, said: I was weigher on October 28, 1916, and weighed a bale of cotton for plaintiff. It weighed 504 pounds. I issued him a ticket, showing the weight and kind of cotton. I put on the bale of cotton a mark and number. I went to see Henry W. Frost & Co., in Charleston, about the cotton. I could not locate the bale, but they showed me a bale, but the mark was cut off, I could not tell if it were the bale or not. The middle letter looked like an H, but I could not tell what the others were. There was a little tag on the bale about 1½ inches, marked "C. H. R.," but I do not know how it came there.

Cross-Examination: The bale pointed out to me as the Ragin bale was cut for samples, but it did not show that anything like 117 pounds had been pulled out. In my opinion there was no loss of weight in that bale. If the bale I saw in Charleston was the Ragin bale, I would say that the railroad company had delivered it in good order.

Redirect Examination: The cotton I saw in Charleston did not appear to have been tampered with along the way. About 22 bales were shipped at the same time, and none of them left with any little tag on them.

H. H. Medlin, a witness for plaintiff, said: I run a gin here. On October 28, 1916, I bought some seed from C. H. Ragin. My records show that the gross weight of the wagon and driver was 3,005 pounds, and the seed and bale of cotton he carried was 2,970 pounds, leaving 335 pounds of seed that were bought from him and by taking the weight of the seed from the cotton it leaves 505 pounds of lint cotton.

Plaintiff rests.

E. D. Hammond, a witness for defendant, said: I am, and was, in October last year, cotton clerk for the Atlantic Coast Line Railroad Company at Charleston. My duties are to keep records, deliver cotton, and keep things straight. My records show that on October 28, 1916, we received a

bale of cotton from Summerton shipped by C. H. Ragin to H. W. Frost & Co. I hold the original receipt showing that on November 7th, I delivered 20 bales of cotton to H. W. Frost & Co., among them being one bale marked "C. H. R." to H. W. Frost & Co. This cotton was delivered to Mr. Patrick Galvin, the drayman for Frost & Co. My records do not show the weights. The cotton was in good condition when delivered, and did not show any sign of any cotton having been taken from it.

Patrick Galvin, a witness for defendant, said: I live in Charleston, and have been draymaster since 1877. In October, 1916, I drayed for E. H. Frost & Co., H. W. Frost & Co. and for Whaley & Rivers. On or about the 28th of October, I received 20 bales of cotton from the Atlantic Coast Line Railroad Company, one bale being marked "C. H. R." I do not know how many pounds it weighed. This bale of cotton from external appearances was in A-No. 1 order, and I would have made objection to it if there was anything wrong. I sent the receipt to H. W. Frost & Co. at Adger's wharf, and they held it to show the marks. This is my receipt for the 20 bales, amongst them the "C. H. R." bale. I delivered the cotton to H. W. Frost & Co., and no exception was noted by them, and no objection made. (Exhibit A.)

The bill of lading issued by the agent at Summerton, S. C., to the plaintiff is in the usual form, receipting for one bale of cotton shipped by C. H. Ragin, consigned to Henry W. Frost & Co., at Charleston, S. C., for one bale of cotton No. 1, marked "C. H. R." (long staple), weight 504 pounds (subject to correction).

The testimony establishes the following facts beyond controversy: First. That the bale of cotton in dispute weighed 504 pounds when it was delivered to the railroad company by the plaintiff. Second. That it was delivered by the railroad company to Patrick Galvin, the agent of Henry W. Frost & Co., in good condition, and that there was no evi-

dence of a shortage until it came into possession of Henry W. Frost & Co. Third. That the railroad company overcame the presumption that the loss occurred while the cotton was in its possession.

There is another matter to be determined. Henry W. Frost & Co. were made parties defendants to the action in the magistrate's Court. They, however, appeared for the sole purpose of objecting to the jurisdiction of the Court, on the ground that all the members of the firm were residents of Charleston county, and the action was commenced before a magistrate in Clarendon county. The magistrate sustained the objection under section 23, art. V of the Constitution, and dismissed the complaint as to them. On appeal by the plaintiff to the Circuit Court the ruling of the magistrate was sustained, and the plaintiff has again appealed to this Court on that question.

The case of *Jenkins v. R. R.,* 84 S. C. 343, 66 S. E. 409, shows that Henry W. Frost & Co. pursued the proper practice for preventing waiver of their right to make objection to the jurisdiction of the Court.

Judgment reversed.

On rehearing October 18, 1917, the following order was made

PER CURIAM. The first ground of plaintiff's petition for a rehearing is that this Court has no jurisdiction to review findings of fact in a law case such as this is. That is true when the evidence is susceptible of more than one inference. But we have often held that where only one inference is reasonably deducible from the evidence, it must be determined by the Court as matter of law. The opinion in this case shows that the Court reached the conclusion that the evidence was not sufficient, as matter of law, to sustain the judgment rendered by the Circuit Court

against the railroad company, and, therefore, that judgment was reversed.

Before the adoption of rule 77 of the Circuit Court (Code of Laws, vol. II, p. 756, 73 S. E. 7), and rule 27 of this Court (104 S. C. 539, 90 S. E. 12), it had been settled that when a judgment of the Circuit Colurt was reversed for a mere deficiency of evidence, a new trial followed, if the deficiency was of such a nature that it might be supplied. It was only when it appeared that it could not be supplied that judgment absolute was rendered by this Court. The rules above referred to made radical changes in the former practice with regard to the effect of the reversal of judgments in cases brought in the original jurisdiction of the Circuit Court; but they are not applicable to cases tried in magistrates' Courts and carried to the Circuit Court on appeal. Therefore, in such cases, the practice that prevailed prior to their adoption is still of force. It follows that, since the deficiency of evidence in this case may be supplied on another trial, the effect of the reversal of the judgment below was to grant a new trial.

The second ground of the petition calls attention to a matter that was overlooked by this Court because of the improper and misleading method of preparation of the case for appeal. Rule 5 of this Court (104 S. C. 524, 90 S. E. 7) requires that the title of the case shall show which of the parties are appellant and which are respondent. The title of this case states that plaintiff is respondent and the railroad company is appellant, and apparently the exceptions were all taken by the railroad company, though it now appears, from a statement in the body of the case to which attention has been called by the petitioner, that he also appealed, but, "for the sake of convenience," his exception was set out in the case as No. 4 of the exceptions taken by the railroad company, and he was "treated as a respondent." It would be difficult to conceive a more confusing and misleading manner of preparing a case, and one more at vari-

ance with the settled and uniform practice and the rules of this Court.

However, it does appear from the record that plaintiff undertook to bring a sort of alternative action against the two defendants named. He does not allege that they are jointly liable, but only that one or the other is liable for the loss of his cotton. Clearly, both are not liable. Frost & Co. moved to dismiss the action as to them on two grounds, to wit: First, that, as all the members of that firm are residents of Charleston county, the magistrate of Clarendon county had no jurisdiction to try a cause of action against them; and, second, that there was a misjoinder of causes of action in the same complaint. The magistrate sustained their motion and dismissed the action as to them, and the Circuit Court affirmed his ruling. From this ruling plaintiff appealed. The precise question was decided against plaintiff in the recent case of *Darby v. R. Co.,* 108 S. C. —, 93 S. E. 716, filed September 25, 1917. The case of *Strickland v. Strickland,* 95 S. C. 492, 79 S. E. 520, which is relied upon by plaintiff, is not applicable. In that case, it was held that defendants residing in different counties may be sued in a magistrate's Court on a joint liability in the county of the residences of either of them. But here there is no joint liability; neither defendant is affected by the case made against the other. If both these defendants resided in the same county, they could not be joined as defendants in this action. *Darby v. R. Co., supra.*

Therefore, the judgment below as to Frost & Co. is affirmed, and that against the railroad company is reversed, and the case is remanded for a new trial of the action against the railroad company, and the order staying the remittitur is revoked.