## 9809

### DARBY v. SOUTHERN RY. CO. *ET AL.*

#### (93 S. E. 716.)

1. MAGISTRATE—DEMURRER—MATTERS NOT APPEARING ON FACE OF COMPLAINT.—In an action in a magistrate's Court a demurrer to the complaint on the ground that the Court had no jurisdiction because it was not alleged that defendant was a resident of the county was improperly sustained, where it did not appear on the face of the complaint that the demurring defendant was not a resident, since while the objection may be made by demurrer when the lack of jurisdiction appears on the face of the complaint, if it does not so appear the objection must be made by plea or motion supported by affidavits.

2. VENUE—RESIDENCE OF DEFENDANTS—CODEFENDANTS.—An action on a joint liability against two or more defendants residing in different counties may be brought against all of them in the county of the residence of either.

3. MAGISTRATES — JOINDER OF CAUSES — CAUSES AFFECTING DIFFERENT PARTIES.—A complaint in a magistrate's Court against the S. Railway Company and the A. Railroad Company alleged that plaintiff deposited his suit case with the joint agent of the two defendants, and received a parcel check therefor; that he afterwards bought a ticket over the A. Company's line, and exchanged his parcel check for a baggage check; that when delivered to him goods were missing therefrom; that a claim therefor was filed with the agent of the A. Company and not paid within 30 days, and that thereby defendants became liable to him for the statutory penalty of $50. He demanded judgment for the amount of the penalty and the value of the missing goods. *Held,* that under Code Civ. Proc. 1912, sec. 218, permitting the joinder of causes providing they affect all the parties to the action, and section 97, rule 15, making the provisions of the Code respecting the form of actions, parties, etc., applicable to magistrate's Courts, the complaint improperly joined a cause of action against both defendants for loss under the parcel check with causes of action against the A. Company for loss under the baggage check and for the penalty, since from the allegations of the complaint it appeared that the S. Company was liable only as warehouseman and had no connection with the second and third causes of action.

4. MAGISTRATES—JOINDER OF CAUSES—PLACE OF TRIAL.—The causes of action against the A. Company for the loss of the goods and the penalty might properly be united in one complaint under Code Civ. Proc. 1912, sec. 218, authorizing the joinder of causes which do not require different places of trial, since though the general rule is that a sole defendant has the right to have a transitory cause of action

tried in the county of his residence, while section 173 requires actions for a statutory penalty to be tried in the county where the cause of action or some part thereof arose, this provision of section 173 has been modified by a later statute (Civ. Code 1912, section 2576), providing that any action against any common carrier to recover a penalty for loss of freight may be brought in any county where the cause of action for the damage in such case may be brought.

5. MAGISTRATES—DEMURRER—MISJOINDER OF CAUSES.—Though Code Civ. Proc. 1912, sec. 97, rule 6, authorizes a demurrer in magistrate's Courts only on the grounds of uncertainty or insufficiency, it was immaterial that a misjoinder of causes was raised by demurrer, since technical rules of procedure are not applicable in magistrate's Courts, and it makes little difference in what form such objections are raised, provided they are made in due time, and brought to the attention of the magistrate in some recognized or proper manner so as to require a ruling thereon.

Before MAULDIN, J., Chester, November, 1916. Modified.

Action by O. A. Darby against the Southern Railway Company and another. From a judgment of a magistrate's Court in favor of the defendant, Atlantic Coast Line Railroad Company, affirmed by the Circuit Court, plaintiff appeals.

*Messrs. Marion & Marion,* for appellant, cite: *As to jurisdiction of magistrate:* Code Civ. Proc., sec. 174; 47 S. C. 387. *Cause of action for penalty:* 47 S. C. 387; 65 S. C. 326; 81 S. C. 390. *Venue:* Civil Code, secs. 2573, 2576; 81 S. C. 390; 73 S. C. 192; Pomeroy Rem. Rights (2d ed.) 496; 85 Kan. 48; 116 Pac. 475. *Remedy as to venue:* 87 S. C. 101; 86 S. C. 324; 22 S. C. 272; 97 S. C. 57. *Joinder of causes of action:* 24 S. C. 42; 70 S. C. 112, 113; 15 S. C. 10. *Misjoinder:* 15 S. C. 10; 34 S. C. 370; 43 S. C. 224; 68 S. C. 257; 82 S. C. 562; 24 S. C. 42; 70 S. C. 112, 113.

*Mr. J. M. Hemphill,* for respondent, cites: *As to jurisdiction of magistrate:* Const., art. V, sec. 23; 70 S. C. 397;

FOOTNOTE.—See *Ragin v. R. R. Co., post.*

Code Civ. Proc. 174. *Inapplicable to magistrate's Courts:*
Const. cited. *Magistrate had no jurisdiction in action for
penalty:* Civil Code, secs. 2573, 2576; 81 S. C. 390. *Appear-
ance as waiver:* 97 S. C. 56. *Joinder of causes of action:*
66 S. E. 406; Code Civ. Proc. 218.

*Mr. R. L. Douglas,* also for respondent.

*Messrs. Marion & Marion,* for appellant, in reply, cite:
*As to appearance:* 72 S. C. 481; 73 S. C. 296; 69 S. C. 278.

September 25, 1917.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff brought this action in the Court of a magistrate
in Chester county against the defendants jointly, alleging
that on March 11, 1916, he deposited his suit case with the
joint agent of defendants at Camden and received a parcel
check for it; that several hours afterwards he bought a ticket
over the Atlantic Coast Line Railroad from Camden to
Sumter, and gave the agent of that road the parcel check in
exchange for a baggage check for his suit case; that when it
was delivered to him at Sumter he discovered that it had
been opened and goods of the value of $37.40 had been
taken from it; that on March 16 he filed a claim with the
agent of the Atlantic Coast Line Railroad Company at Sum-
ter for the value of the goods so taken, and that his claim
was not paid within 30 days thereafter, and thereby defend-
ants became liable to him for $50, the penalty provided by
statute in such cases. He demanded judgment against
defendants for $87.40 and costs of the action.

The Atlantic Coast Line Railroad Company demurred to
the complaint on three grounds: (1) That the Court had no
jurisdiction of said defendant because it was not alleged that

it was a resident of Chester county; (2) that the Court had no jurisdiction to enforce the penalty, because that constituted a separate cause of action against said defendant; (3) that several causes of action were improperly united in the same complaint, to wit: (1) For loss under the parcel check; (2) for loss under the baggage check; (3) for the penalty.

The magistrate sustained the demurrer on all the grounds, and his judgment was affirmed on appeal by the Circuit Court. Plaintiff appealed to this Court.

When the lack of jurisdiction appears upon the face of the complaint, the objection may be made by demurrer; but when it does not so appear, it must be made by plea, or motion, supported by affidavits, showing the facts necessary to establish want of jurisdiction. It did not appear upon the face of the complaint that the demurring defendant was not a resident of Chester county. Therefore, the first ground of demurrer was improperly sustained.

Moreover, as to the cause of action against defendants jointly, that ground of demurrer could not have been sustained, even if it had been alleged that said defendant was not a resident of Chester county, because it was alleged that the other defendant was a resident of Chester county; and where a cause of action exists against two or more defendants on a joint liability, and they reside in different counties, the action may be brought against all of them in the county of the residence of either. *Strickland v. Strickland,* 95 S. C. 492, 79 S. E. 520.

The second and third grounds of demurrer were properly sustained. The complaint stated three separate and distinct causes of action: First, against both defendants jointly for the loss of plaintiff's goods while in possession of their joint agent; second, against the Atlantic Coast Line Railroad Company for loss of the goods while in possession of its agents; third, against the same defendant for the penalty.

If the goods were lost while in possession of the agent of

both defendants, they are jointly liable, and it was proper to sue them jointly. But if they were lost while in possession of the agents of the Atlantic Coast Line Railroad Company, that company alone is liable, and that company alone is liable for the penalty. The Southern Railway Company has no connection with the second and third causes of action, because its liability, if any, is that of warehouseman, and not that of a connecting carrier. At any rate, it is not inferable from the allegations of the complaint that it is liable as a connecting carrier. Therefore, the joinder of the first with the second and third causes of action was improper. *Hines v. Jarrett,* 26 S. C. 480, 2 S. E. 393; Pom. Rem., secs. 308, 479-482. The Code (section 218) permits the joinder of several causes of action in the same complaint, when they fall within the classes therein described; but with these restrictions: that "causes of action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action, and not require different places of trial, and must be separately stated." By rule 15 of section 97, the provisions of the Code of Procedure respecting the forms of actions, parties to actions, etc., are made applicable to magistrates' Courts.

The place of trial of civil actions is fixed by statute. Code Proc., secs. 172-175. The general rule, under the statute, is that a sole defendant has the right to have a transitory cause of action against him tried in the county of his residence. But that right may be waived. *Jenkins v. R. Co.,* 84 S. C. 344, 66 S. E. 409; *Ex parte Townes,* 97 S. C. 56, 81 S. E. 278. However, it was not waived in this case, for the objection was properly made and in due time. The statute makes some exceptions to the general rule above stated. The only one which we need consider is that provided by section 173, to wit, that an action to recover a penalty imposed by statute must be tried in the county where the cause of action or some part thereof

arose. The cause of action for the penalty arose in Sumter county. *Smith v. Ry.,* 84 S. C. 167, 65 S. E. 1029. But that provision of section 173 has been modified by a later statute (section 2576, vol. I, Civ. Code), which provides that the penalty may be sued for in any county where the action for the loss or damage may be brought. Therefore, by the terms of the statute, the Atlantic Coast Line Railroad Company may be sued in any county in which it is resident for the loss or damage, and for the penalty, and both causes of action against it may be united in the same complaint.

Appellant contends that demurrer was not the proper method of raising these objections, and relies upon rule 6 of section 97 of the Code of Procedure, which mentions only two grounds of demurrer to a complaint or answer in magistrates' Courts, to wit, for uncertainty and insufficiency of its allegations. That is a technical objection which does not affect the merits. In magistrates' Courts it makes little difference in what form such objections as these are raised, whether by demurrer, motion or plea, provided they are made in due time, and brought to the attention of the magistrate in any recognized or proper manner so as to require his ruling thereon. Technical rules of procedure are not applicable in these Courts, and, even on appeal from them to the Circuit Court, the latter is required to give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. Code Civ. Proc., sec. 407.

The judgment of the Circuit Court is modified according to the views herein announced, and the case is remanded for such further proceedings as may be proper, not inconsistent therewith. Modified.

MR. CHIEF JUSTICE GARY did not participate in the consideration of this case.