## 10139

RAGIN v. NORTHWESTERN R. CO. OF SO. CAROLINA *ET AL.*

(98 S. E. 286.)

1. PLEADING—CONCLUSIONS OF LAW—JOINT CONVERSION.—An allegation, without stating facts or circumstances, is not sufficient to show a joint conversion of goods by a carrier and the consignor.

2. ACTION—JOINDER OF CAUSES OF ACTION—CONSIGNEE AND CARRIER.—A consignee is not liable with the carrier for loss of his goods in transportation, nor does the carrier become liable with the consignee for the latter's failure to account to the consignor for the goods upon receipt.

Before WILSON, J., Clarendon, Summer term, 1918. Affirmed as to plaintiff and reversed as to defendants, Frost & Co.

Action by C. H. Ragin against the Northwestern Railroad Company of South Carolina and Henry W. Frost & Co. From orders of trial Court overruling demurrer to the complaint and ordering its amendment so as to show a joint obligation of defendants, and dismissing complaint on failure to so. amend, plaintiff and Henry W. Frost & Co. both appeal.

*Mr. J. J. Cantey,* for C. H. Ragin, plaintiff, submits: *The complaint in this action is entirely different from the complaint which was before the Court as reported in 108 S. C. 171. The simple fact that Henry W. Frost & Co. are residents of Charleston, S. C., is no reason why the Court of Common Pleas of Clarendon county does not have jurisdiction:* Code of Civil Procedure, sec. 174. *The fact that the defendants are engaged in different lines of business does not negative a joint liability for a tort:* Pomeroy's Code Remedies (4th Ed.), sections 208 and 210; 77 S. C. 410. *Plaintiff may unite in the same complaint claims to recover personal property, with or without damages for the withholding thereof:* Code of Procedure, sec. 218. *Punitive damages are permitted for the detention of personal property:* 89 S. C. 538.

*Mr. Frank R. Frost,* for Henry W. Frost & Co., appellants, submits: *The question in this case is whether the plaintiff has complied with Judge Wilson's order and alleged a joint obligation between the defendants. If he has not done this, his complaint does not state a cause of action against Frost & Co.:* 108 S. C. 178, and cases cited therein. *The complaint is defective because it violates the provision of the Code of Procedure, which provides that, although certain causes of action may be joined in the same complaint, still they cannot be joined, except in actions for foreclosure of mortgages, unless they affect all the parties to the action, and do not require different places of trial:* Code of Procedure, sec. 218. *Complaint is obnoxious to the provision of the Code, which provides that in cases of this kind it shall*

*be triable in the county at the time of the commencement of the action:* Code of Procedure, sec. 174. *There are two causes of action, one against the railroad company, and one against Frost & Co., and the cause of action against one does not affect the other, and the joinder is obnoxious:* Code of Procedure, sec. 218. *Frost & Co. are residents of Charleston county and cannot be sued in Clarendon county.*

*Messrs. Purdy & O'Bryan,* for Northwestern R. R. Co.

January 28, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The appeal involved in this case is from orders of his Honor, Judge Wilson. Both plaintiff and defendant, Henry W. Frost & Co., appeal from said orders of his Honor. The issues in this case are the "aftermath" of the case between same parties in the case reported in 108 S. C. 171, 93 S. E. 860. After that opinion was filed the plaintiff asked and was granted a nonsuit in the magistrate's Court, and commenced the present action in the Court of Common Pleas. Henry W. Frost & Co. appealed from the orders of Judge Wilson dated June 25, 1918, respectively, and C. H. Ragin appealed also from the order of date July 26, 1918.

The first, second, and fourth of Henry W. Frost & Co.'s exceptions raise the question whether the plaintiff has complied with Judge Wilson's order, and alleged a joint obligation between the defendants. If he has not done so, then he does not state a cause of action against Frost & Co. Under the facts of the former decision in this case, there is not a particle of doubt that there never was a joint possession of the bale of cotton, the subject matter of the suit, or a joint tort between the railroad and Frost & Co. If the railroad received the cotton as a common carrier consigned to Frost & Co., and delivered it to Frost, then its liability ceased, for the railroad had then done as it had contracted to do. If Frost received the cotton and failed to account, then

Frost & Co. would be liable. The undisputed evidence in the former case shows that the railroad delivered the cotton to Frost & Co., and that Frost & Co., according to the allegation of the complaint, accounted in part.

There is no sufficient allegation that there was a joint conversion. A mere suggestion, an allegation to that effect, without stating facts or circumstances to allege the facts, is not sufficient. When the plaintiff elected to allege, as he did in the former suit which was passed upon by this Court, that the railroad received the cotton consigned to Frost & Co., then, under a proper showing, he could have held the railroad responsible if the railroad had failed to carry and deliver to Frost. When, however, the railroad delivered to Frost the cotton, then its liability ceased; and if Frost & Co. received the cotton, and failed to account for the same, and plaintiff feels aggrieved, then he can sue Frost & Co. This Court decided in the former case that there was no joint tort, and that the cause of action against Frost & Co. could not be tried in Clarendon county.

There is no principle of law whereby a consignee becomes liable with the carrier for loss in transportation, or that the carrier becomes liable with the consignee for his failure to account. In the former case the Court says, "Clearly, both are not liable." The facts conclusively show that the carrier is not liable. This leaves the matter open between plaintiff and Frost & Co., and Frost & Co. cannot be sued in Clarendon county. Under all of the exceptions the real question in the case is whether the complaint alleges a joint obligation between the defendants. There is none.

Plaintiff's exception overruled; Frost & Co.'s exceptions sustained.

Judgment reversed.