## 10429

### SANDERS v. ATLANTIC COAST LINE RAILROAD COMPANY.

#### (103 S. E. 564.)

1. COURTS—VENUE—JURISDICTION OF PERSON, BUT NOT OF SUBJECT MATTER, CAN BE WAIVED.—Jurisdiction of subject matter cannot be waived even by consent, but jurisdiction of the person may be waived, and an objection that an action was brought in the wrong county pertains to the remedy, a failure to comply with which was a mere irregularity.

2. APPEAL AND ERROR—REFUSAL TO CORRECT IRREGULARITY NOT REVERSIBLE ERROR, UNLESS PREJUDICIAL.—A refusal to correct a mere irregularity is not reversible error, unless the party interposing the objection can satisfy the Court that it was prejudicial to his rights, under Code Civ. Proc. 1912, sec. 407.

3. APPEAL AND ERROR—OVERRULING OBJECTION THAT ACTION WAS BROUGHT IN WRONG COUNTY HARMLESS ERROR.—Under Code Civ. Proc. 1912, sec. 407, defendant cannot complain that action was tried in wrong county; the place of trial being more convenient to defendant than the county where plaintiff resided, and plaintiff having waived the right to have the trial in the county of his residence.

4. CONSTITUTIONAL LAW—COURT WILL NOT PASS ON CONSTITUTIONAL QUESTION UNLESS NECESSARY.—A Court will not, as a general rule, pass upon a constitutional question and decide a statute to be invalid, unless a decision upon that very point becomes necessary to the determination of the cause.

Before WHALEY, J., County Court, Richland, January, 1918. Appeal dismissed.

Action by W. R. Sanders against Atlantic Coast Line Railroad Company for damages arising out of shipments of hogs from points in Alabama to points in Virginia and

Maryland. Upon dismissal by magistrate on ground that he had no jurisdiction under General Orders Nos. 18 and 18a of the Director General of Railroads, the plaintiff appealed to the County Court for Richland county, which Court remanded the case to the magistrate for trial. From this order defendant appealed.

*Messrs. Barron, McKay, Frierson & McCants,* for appellant, cite: *Action should have been against Director General of Railroads under General Order No. 50:* 99 S. C. 946. *General Orders 18 and 18a approved:* 253 Fed. 459; 206 S. W. 114. *Director General acted within powers:* 99 S. E. 946; 250 U. S. 135; 63 L. Ed. —; 250 U. S. —. *Delegation by President of authority given him by Congress, to an executive or administrative officer has been approved:* 143 U. S. 649; 36 L. Ed. 694; 192 U. S. 470; 48 L. Ed. 524; 234 U. S. 476; 58 L. Ed. 1408; 245 U. S. 366; 62 L. Ed. 349. *Sovereign may prescribe conditions of suit:* 20 How. 527; 15 L. Ed. 991; 101 U. S. 341; 25 L. Ed. 960; 101 U. S. 832; 25 L. Ed. —; 123 U. S. 443; 31 L. Ed. 216; 134 U. S. 1; 33 L. Ed. 842; 178 U. S. 436; 79 S. C. 336, 316.

*Mr. Wm. N. Graydon,* for respondent: Oral argument.

June 28, 1920.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an appeal from the magistrate in dismissing the suits herein on the ground that they were not brought in the proper county. The plaintiff is a resident of York county, through which the defendant does not operate its road, but it does pass through Richland county.

The following statement appears in the record:

"The appeal herein involves five cases brought by the plaintiff against the defendant in the Court of Magistrate

M. W. Coker, for Richland county, arising out of shipments of hogs from various points in Alabama during April, 1918, to points in Virginia and Maryland. The plaintiff is a resident of York county, S. C. When these cases were reached for trial the magistrate dismissed them on the ground that he had no jurisdiction, in view of General Orders Nos. 18 and 18a of the Director General of Railroads."

General Order No. 18a was an amendment to General Order No. 18, which now reads as follows:

"Whereas, the act of Congress approved March 21, 1918, entitled 'An act to provide for the operation of transportation systems while under Federal control'' provides (section 10) 'That carriers, while under Federal control, shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws or at common law, except in so far as may be inconsistent with the provisions of this act or with any order of the President. * * * But no process, mesne or final, shall be levied against any property under such Federal control;' and whereas, it appears that suits against the carriers for personal injuries, freight and damage claims are being brought in States and jurisdictions far remote from the place where plaintiff resides or where the cause of action arose, the effect thereof being that men operating the trains engaged in hauling war materials, troops, munitions, or supplies, are required to leave their trains and attend Court as witnesses, and travel sometimes for hundreds of miles from their work, necessitating absence from their trains for days, and sometimes for a week or more, which practice is highly prejudicial to the just interests of the government, and seriously interferes with the physical operation of the railroads, and the practice of suing in remote jurisdictions is not necessary for the protection of the rights or the just interests of plaintiffs:

"It is, therefore, ordered that all suits against carriers while under Federal control must be brought in the county

or district where the plaintiff resides, or in the county or district where the cause of action arose.    W. G. McAdoo, Director General of Railroads."

The plaintiff appealed to the County Court, which ordered that the cases be remanded to the magistrate's Court for a new trial; whereupon the defendant appealed to this Court.

Jurisdiction is of two kinds—of the subject matter and of the person.    Jurisdiction of the subject matter cannot be waived even by consent.    But it is otherwise as to jurisdiction of the person.    The objection that the action was brought in the wrong county pertains to the remedy, and, therefore, a failure to comply with the law in that respect is a mere irregularity.    *Jenkins v. Railway,* 84 S. C. 343, 66 S. E. 409; *Darby v. Railway,* 108 S. C. 145, 93 S. E. 716.

A refusal to correct a mere irregularity is not reversible error, unless the party interposing the objection can satisfy the Court that there was not only error, but that it was prejudicial in his rights.    Section 407 of the Code relating to appeals from inferior Court, provides "Upon hearing the appeal, the appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits."

In the case of *Darby v. Railway,* 108 S. C. 145, 93 S. E. 716, the Court says:

"Technical rules of procedure are not applicable in these Courts, and, even on appeal from them to the Circuit Court, the latter is required to give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits."

General Order No. 18, which was interposed by the defendant, provides that the suit should be brought in the county or district where the plaintiff resides, or in the county or district where the cause of action arose.    The plaintiff,

therefore, had the right to bring the action in York county, where he resided, but he waived such right and thereby made the place of trial more convenient to the defendant. This fact shows that the error was not prejudicial to the rights of the defendant.

His Honor, the County Judge, discussed the constitutionality of the said orders of the Director General, and held that they were unconstitutional; but, as we have already shown that the defendant has not been prejudiced by the order of the County Judge, we do not deem it advisable to discuss the exceptions assigning error in his ruling in this respect. The rule in such cases is thus stated in Cool. Cons. Lim. (2 Ed.), at page 163: "Neither will a Court, as a general rule, pass upon a constitutional question, and decide a statute to be invalid, unless a decision upon that very point becomes necessary to the determination of the cause. * * * In any case, therefore, when a constitutional question is raised, though it may be legitimately presented by the record, yet if the record presents some other and clear ground upon which the Court may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutional power will be left for consideration until a case arises which cannot be disposed of without considering it, and when, consequently, a decision upon such question will be unavoidable."

This language is quoted with approval in *Ex Parte Florence School,* 43 S. C. 11, 20 S. E. 794.

Appeal dismissed.